■ WILLIAM D. PETERS, Appellant, v DENISE PICKARD, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 8, 1987, which (1) denied his motion to set the action down for an inquest, and (2) granted the defendant's cross motion to vacate her default in answering and to compel the plaintiff to accept her answer on the condition that the defendant pay to the plaintiff the sum of $250.

Ordered that the order is reversed, as a matter of discretion, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages.

The Supreme Court's denial of the plaintiff's motion to set this action down for an inquest and its granting of the defendant's cross motion to vacate her default and to compel the plaintiff to accept the answer was an improvident exercise of discretion. It was incumbent upon the defendant to show a reasonable excuse for the four-month delay in serving her answer (CPLR 3012 [d]; 5015 [a]). Although a default resulting from "law office failure" may be excused (CPLR 2005), in this case the only excuse offered was "the administrative delay *ostensibly* caused by the [defendant's insurance carrier]" (emphasis supplied). The defendant failed to investigate the reason for the delay or to advise the Supreme Court or this court of "the particular excuse for the delay" *(La Buda v Brookhaven Mem. Hosp. Med. Center,* 98 AD2d 711, *affd* 62 NY2d 1014; *see also, Association for Children With Learning Disabilities v Zafar,* 115 AD2d 580, 581, *lv dismissed* 67 NY2d 607; *Buderwitz v Cunningham,* 101 AD2d 821, 822). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.