■ ALLEN MILES et al., Appellants, v BLUE LABEL TRUCKING, INC., Respondent, et al., Defendant. [648 NYS2d 138] —In an ac-

tion to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated September 9, 1995, which granted the motion of the defendant Blue Label Trucking, Inc., to vacate its default in answering.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Blue Label Trucking, Inc., is denied.

A court may excuse a default in answering upon a showing of a meritorious defense and a justifiable excuse for the default (see, CPLR 5015 [a] [1]; Korea Exch. Bank v Attilio, 186 AD2d 634). Also, it is within the discretion of the trial court in the interest of justice to excuse delay or default resulting from law office failure (see, CPLR 2005; Korea Exch. Bank v Attilio, supra). In this case, the only excuse offered for the failure to serve a timely answer was delay caused by the insurance carrier of the defendant Blue Label Trucking, Inc., which is insufficient (see, Peters v Pickard, 143 AD2d 81). In addition, the defendant Blue Label Trucking, Inc., failed to demonstrate a meritorious defense since the affidavit it submitted concerning the accident was from someone without personal knowledge of the facts surrounding the accident. Mangano, P. J., O'Brien, Pizzuto, Goldstein and Luciano, JJ., concur.