■ RONALD J. STEIN et al., Respondents, v YONKERS CONTRACTING, INC., et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendants. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Third-Party Defendant. (Action No. 1.) RONALD

J. Stein et al., Plaintiffs, v Yonkers Contracting, Inc., et al., Defendants and Third-Party Plaintiffs, et al., Defendants. Rice Mohawk U.S. Construction Co., Ltd., Third-Party Defendant. (Action No. 2.) [664 NYS2d 331] —In two actions to recover damages for personal injuries, etc., the defendant Yonkers Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 24, 1996, in Action No. 1, as denied its motion to vacate a judgment on the issue of liability entered in favor of the plaintiffs and against it upon its default in appearing, and the defendants New York City Department of Transportation, Greenman and Peterson, Inc., and Bettigole, Andrews & Clark, Inc., appeal from the same order.

Ordered that the appeals taken by the defendants New York City Department of Transportation, Greenman and Peterson, Inc., and Bettigole, Andrews & Clark, Inc., are withdrawn pursuant to a letter dated September 26, 1997; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Yonkers Contracting, Inc.; and it is further,

Ordered that the respondents are awarded one bill of costs.

A party attempting to vacate a judgment entered upon its default in appearing must establish both a reasonable excuse for the default and a meritorious defense (see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Roussodimou v Zafiriadis, 238 AD2d 568; Putney v Pearlman, 203 AD2d 333). Here, the appellant failed to establish a meritorious defense to the action. The collapse of the scaffolding upon which the plaintiff was standing was a prima facie violation of Labor Law § 240 (1) (see, Gordon v Eastern Ry. Supply, 82 NY2d 555; Chaitovitz v Lewis, 222 AD2d 392; Bryan v City of New York, 206 AD2d 448; Styer v Vita Constr., 174 AD2d 662). The appellant failed to submit evidence in admissible form to rebut this prima facie showing (see, Zuckerman v City of New York, 49 NY2d 557). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.