■ April Hazen et al., Appellants, v Carmine Bottiglieri et al., Respondents. [730 NYS2d 445] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Rosenberg, J.), dated February 8, 2001, which granted the defendants' motion to vacate a judgment against them dated July 20, 1999, upon their failure to appear or answer.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the judgment is reinstated.

CPLR 5015 (a) (1) provides that a court may relieve a party from a judgment or order on the ground of excusable default on motion if that motion is made within one year after service of the judgment or order with written notice of entry. Here, the judgment dated July 20, 1999, awarding damages to the plaintiffs after an inquest, was served with notice of entry on August 18, 1999. However, the defendants did not move to vacate the judgment until October 6, 2000, more than a year later. In addition, the defendants had been found to be in default approximately six years earlier, in an order dated June 29, 1994. Thus, the defendants' motion was untimely.

Moreover, it is well established that a party seeking to vacate a default in answering must make a showing of a justifiable excuse for the default, and a meritorious defense (*see, Miles v Blue Label Trucking,* 232 AD2d 382). The only excuse offered for failure to serve a timely answer was delay caused by the defendants' insurance broker and insurance carrier, which is insufficient (*see, Miles v Blue Label Trucking, supra; Peters v Pickard,* 143 AD2d 81). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.