■ DELORICK MEGGETT, Appellant, v NORMA GIBSON et al., Respondents. [754 NYS2d 556] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Harkavy, J.), dated March 5, 2002, which granted the defendants' motion pursuant to CPLR 5015 (a) to vacate an order of the same court, dated December 11, 2001, granting the plaintiff's motion for leave to enter a judgment against them upon their default in answering.

Ordered that the order dated March 5, 2002, is reversed, on the law, with costs, the motion is denied, the order dated December 11, 2001, is reinstated, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages.

The affidavits of service prepared by the plaintiff's process server, which the plaintiff submitted in support of his motion, established that the defendants were properly served pursuant to CPLR 308 (2).

A court may excuse a default in answering upon a showing of a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Miles v Blue Label Trucking,* 232 AD2d 382). In this case, the only excuse offered for the failure to serve a timely answer was delay caused by the insurance carrier, which is insufficient (*see Miles v Blue Label Trucking, supra*). In addition, the defendants failed to proffer a sworn statement from the defendant Angel Mahon, the driver of the offending vehicle, describing the events surrounding the accident, and thus, failed to establish a meritorious defense. Feuerstein, J.P., O'Brien, Goldstein, H. Miller and Rivera, JJ., concur.