■ CHAE GUN BAK, Plaintiff, v GOLDEN TOUCH MANAGEMENT, INC., et al., Defendants. EDWARD H. SUH AND ASSOCIATES, P.C., Nonparty Appellant; SACKSTEIN, SACKSTEIN, SACKSTEIN & LEE, Nonparty Respondent. [755 NYS2d 653] —In an action to recover damages for personal injuries, Edward H. Suh and Associates, P.C., the outgoing law firm, appeals, on the ground of inadequacy, from (1) a decision of the Supreme Court, Queens County (Weiss, J.), dated November 29, 2001, (2) an order of the same court dated January 22, 2002, which, upon its failure to submit opposition papers, granted the motion of Sackstein, Sackstein, Sackstein & Lee, LLP, the incoming law firm, to apportion attorneys' fees to the extent of awarding the latter 90% of the total fee and awarding it only 10% of the total, and (3) an order of the same court, dated February 1, 2002, which denied its motion, in effect, to vacate the order dated January 22, 2002.

Ordered that the appeal from the decision dated November 29, 2001, is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and is further,

Ordered that the appeal from the order dated January 22, 2002, is dismissed, as no appeal lies from an order entered upon the default of the appealing party (*see* CPLR 5511; *Forma v City of New York,* 273 AD2d 271 [2000]); and it is further,

Ordered that the order dated February 1, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to Sackstein, Sackstein, Sackstein & Lee, LLP.

In order to establish entitlement to vacatur of its default in

opposing the motion of Sackstein, Sackstein, Sackstein & Lee, LLP, the appellant was required to show a reasonable excuse for the default and a meritorious claim (*see* CPLR 5015 [a]; *Miles v Blue Label Trucking,* 232 AD2d 382 [1996]). The appellant failed to satisfy this standard. Feuerstein, J.P., Goldstein, H. Miller and Rivera, JJ., concur.