■ MARK KAPLINSKY, Respondent, v ISAAC MAZOR et al., Appellants. [762 NYS2d 902] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Silverman, J.H.O.), entered July 24, 2002, which, upon an order of the same court (Steinhardt, J.), dated May 23, 2002, denying their motion to vacate an order dated October 15, 2001, which granted the plaintiff's motion for leave to enter a judgment upon their default in appearing or answering, is in favor of the plaintiff and against them in the principal sum of $50,000.

Ordered that the notice of appeal from the order dated May 23, 2002, is deemed a premature notice of appeal from the judgment entered July 24, 2002 (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

A defendant seeking to vacate a default in appearing or answering must demonstrate both a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *O'Leary v Noutsis,* 303 AD2d 664, 665 [2003]; *O'Shea v Bittrolff,* 302 AD2d 439 [2003]; *Westchester Med. Ctr. v ELRAC, Inc.,* 301 AD2d 518, 519 [2003]). Here, the affirmation of the defendants' attorney submitted in support of their motion to vacate indicated that the law firm was retained by the defendants' insurance carrier after the defendants' time to answer had expired. However, an insurance carrier's delay is insufficient to establish a reasonable excuse for a default (*see O'Shea v Bittrolff, supra; Meggett v Gibson,* 302 AD2d 372, 373 [2003]; *Cilindrello v Rayabin,* 297 AD2d 699 [2002]; *Andrade v Ranginwala,* 297 AD2d 691 [2002]; *Kachar v Berlin,* 296 AD2d 479 [2002]). Accordingly, the Supreme Court providently exercised its discretion in denying the defendants' motion to vacate their default (*see Ujueta v Wu,* 303 AD2d 676 [2003]; *O'Shea v Bittrolff, supra; Cilindrello v Rayabin, supra; Forestire v Little,* 293 AD2d 710 [2002]).

The defendants' remaining contentions are without remit. Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.