■ EZRIEL WEINBERGER et al., Respondents, v JUDLAU CONTRACTING, INC., Appellant. [768 NYS2d 338]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Cammer, J.), dated December 5, 2002, which denied its motion to vacate a judgment of the same court entered January 3, 2002, upon its default in answering.

Ordered that the order is affirmed, with costs.

A party seeking to vacate a judgment entered upon its default in answering must make a showing of a justifiable excuse for the default and a meritorious defense (see Hazen v Bottiglieri, 286 AD2d 708 [2001]; Miles v Blue Label Trucking, 232 AD2d 382 [1996]). The only excuse offered by the defendant for its failure to timely serve an answer was delay caused by the defendant's insurance carrier, which was insufficient (see Hazen v Bottiglieri, supra; Miles v Blue Label Trucking, supra). In addition, the defendant failed to demonstrate that it had a meritorious defense.

Contrary to the defendant's contention, since the default, the application for a default judgment, and inquest on damages all took place within the space of one year, the plaintiff was not obligated to provide it with separate notice of the inquest (see CPLR 3215 [g]; Stoltz v Playquest Theater Co., 257 AD2d 758 [1999]). We note also that although the defendant was served with a copy of the order granting the default judgment and setting the matter down for an inquest, the defendant failed to take any action for over a year and a half.

The defendant's contention that the damage award was excessive is not properly before this Court since it was not raised at the trial level (see Government Empls. Ins. Co. v Kolodny, 269 AD2d 564 [2000]), and we decline to reach it in the exercise our interest of justice jurisdiction. Santucci, J.P., Goldstein, Schmidt and Cozier, JJ., concur.