*14 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
A court may excuse a default in answering upon a showing of a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a]). The sole excuse offered in the present case by defendants Elsayed and Alexandria (appellants) was delay caused by the Alexandria defendants’ insurance carrier, which is insufficient (see e.g. O’Shea v Bittrolff, 302 AD2d 439 [2003]; Meggett v Gibson, 302 AD2d 372 [2003]; Cilindrello v Rayabin, 297 AD2d 699 [2002]). Appellants sought, and were granted, an extension of time to answer. When they failed to serve an answer within the time given, plaintiff sent a notice by certified and regular mail to defendant Elsayed, individually and on behalf of Alexandria, that he and Alexandria were in default and that plaintiff would seek to enter a default judgment unless an answer was received within 10 days. No answer was forthcoming, and the present motion to enter a default judgment resulted. Despite repeated opportunities to answer, appellants, operators of a business, failed to do so and provided no reason why counsel, privately retained when plaintiff made the motion to enter a default judgment, was not retained earlier. Moreover, unlike the cases cited in the dissent, here there is no proof that appellants took any steps to alert their carrier to the summons and complaint, or received any assurances that their carrier, which answered on its own behalf, would also defend them. Furthermore, with respect to a showing of a meritorious defense, the court below had no contention by appellants before it to the effect that the parties’ contract’s indemnification clause might be void under the General Obligations Law. In view of the foregoing, we find that the court below did not abuse its discretion in denying appellants’ cross motion, and we disagree with the dissent’s view of the appellants as innocent insureds.