■ TIMOTHY HEGARTY, Respondent, v MOHAMED BALLEE, Appellant. [795 NYS2d 747]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Nassau County (McCarty, J.), entered April 7, 2004, which, upon an order of the same court dated November 1, 2001, granting the plaintiff's motion for leave to enter judgment against him upon his default in answering and appearing, and upon an order of the same court entered June 24, 2003, denying his motion to vacate his default, is in favor of the plaintiff and against him in the principal amount of $700,000.

Ordered that the judgment is affirmed, with costs.

Although the judgment was entered upon the defendant's default, the defendant may obtain review of "matters which were the subject of contest below" (*James v Powell*, 19 NY2d 249, 256 n 3 [1967]). Here, the order entered June 24, 2003, denied the defendant's motion to vacate, and the defendant also appeared in partial opposition to that branch of the plaintiff's motion which was for leave to enter judgment against the defendant upon the defendant's default in answering and appearing which directed the purchase of an annuity contract that did not expressly terminate upon the defendant's death. Thus, appellate review of the order entered June 24, 2003, and of so much of the judgment as directed the defendant and his insurance carrier to purchase an annuity contract is not precluded.

A defendant seeking to vacate a default pursuant to CPLR 5015 (a) (1) must proffer both a reasonable excuse for the default and a meritorious defense to the action (*see Gray v B.R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Westchester County Med. Ctr. v Allstate Ins. Co.*, 283 AD2d 488 [2001]). "The decision as to the setting aside of a default in answering is generally left to the sound discretion of the Supreme Court, the exercise of which will generally not be disturbed if there is support in the record therefor" (*MacMarty, Inc. v Scheller*, 201 AD2d 706, 707 [1994]).

The defendant failed to demonstrate a reasonable excuse for

his default. "An insurance carrier's delay is insufficient to establish a reasonable excuse for a default" (*Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *see Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]; *Weinberger v Judlau Contr.*, 2 AD3d 631 [2003]; *Franklin v Williams*, 2 AD3d 400 [2003]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]). Specifically, an insurance carrier's delay in determining coverage, as was alleged here, is not a sufficient excuse to vacate a default (*see Ennis v Lema*, 305 AD2d 632, 633 [2003]). As the defendant failed to demonstrate a reasonable excuse for his default, we need not address whether he established the existence of a meritorious defense (*see Westchester County Med. Ctr. v Allstate Ins. Co., supra* at 489).

Contrary to the defendant's contention, the Supreme Court properly omitted from the judgment language stating that the annuity contract in favor of the plaintiff would terminate on the plaintiff's death. Indeed, "there is no need for the order to provide for termination of certain portions of the award upon plaintiff's death, for CPLR 5045 (a) terminates the judgment debtor's liability for those portions of the award upon the judgment creditor's death" (*Reed v Harter Chair Corp.*, 196 AD2d 123, 127 [1994]).

The defendant's remaining reviewable contention does not require reversal. H. Miller, J.P., Krausman, Crane and Fisher, JJ., concur.