■ LILLIAN KRIEGER, Appellant, v RICHARD COHAN et al., Defendants, and HOWAL MANAGEMENT CORPORATION, Respondent. [796 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated

July 2, 2004, as granted that branch of the motion of the defendant Howal Management Corporation which was to vacate an order of the same court dated November 21, 2003, granting her unopposed motion for leave to enter judgment against Howal Management Corporation upon its default in appearing or answering, and deemed the answer of that defendant served.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and that branch of the motion of the defendant Howal Management Corporation which was to vacate the order dated November 21, 2003, is denied.

A defendant seeking to vacate its default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Weinberger v Judlau Contr.*, 2 AD3d 631 [2003]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]; *O'Shea v Bittrolff*, 302 AD2d 439 [2003]). While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]), an excuse that the default in appearing or answering was caused by the defendant's insurance carrier is insufficient (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]; *Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]; *Weinberger v Judlau Contr., supra; Ennis v Lema, supra; O'Shea v Bittrolff, supra; Miles v Blue Label Trucking*, 232 AD2d 382, 383 [1996]).

The only excuse offered by the respondent for its failure to timely serve an answer was that its insurance carrier delayed in determining coverage, which was insufficient (*see Ennis v Lema, supra*). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the respondent sufficiently demonstrated a meritorious defense. Accordingly, the Supreme Court improvidently exercised its discretion in granting the respondent's motion to vacate its default. Krausman, J.P., Crane, Rivera and Fisher, JJ., concur.