■ CLARA HARCZTARK, Appellant, v DRIVE VARIETY, INC., et al., Respondents. [800 NYS2d 613]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated October 10, 2003, which granted the defendants' motion to vacate their default in answering the complaint and for leave to serve and file a late answer.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting the defendants' motion to vacate their default in answering and for leave to serve a late answer (*see Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557 [2004]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]; *Veith Enters. v Electrical Dev. & Constr.*, 292 AD2d 376 [2002]). We disagree with our dissenting colleague that our prior cases should be read to hold that delay by an insurance company may never constitute all or part of a reasonable excuse by an insured for a default. Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant fac-

tors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Orwell Bldg. Corp. v Bessaha,* 5 AD3d 573 [2004]). We find no basis to categorically exclude consideration of a delay by an insurance company in making such a determination. H. Miller, J.P., Schmidt, Ritter and Skelos, JJ., concur.

Crane J., dissents and votes to reverse and to deny that branch of the defendants' motion which was to vacate their default in answering the complaint and for leave to serve and file a late answer and to remit the matter to the Supreme Court, Queens County, for further proceedings.

In this trip-and-fall case, the plaintiff commenced the action on February 21, 2003 and effected service through the Secretary of State on February 27, 2003. A tardy answer was served on June 10th and rejected three days later. By order to show cause dated July 15, 2003, the defendants moved to vacate their default. They interposed an affidavit of merit and proffered the excuse that the summons and complaint left in their store in February 2003 was forwarded to the insurance carrier with the understanding that the carrier would interpose an answer. When, precisely, the complaint was forwarded is not revealed.

On May 2, 2003, more than two months after service was effected through the Secretary of State, the summons and complaint were forwarded to the defense counsel—by whom is not revealed. The defense counsel promptly phoned the plaintiff's attorneys for an extension of time to answer. She also requested the affidavit of service so the defense counsel could prepare a stipulation. The plaintiff's counsel allegedly undertook to forward the affidavit of service, which never happened. The defense counsel renewed her request by telephone on May 9th, at which time the plaintiff's attorney said not to wait for the affidavit of service and simply serve an answer. When the defendants did just that on June 10th, the plaintiff rejected it. In addition to this explanation the defendants invoked the policy that actions be decided on the merits. The Supreme Court relieved the defendants of their default without explanation.

In order to vacate their default of two months plus another 39 days following retention of the defense counsel, the defendants were required to demonstrate a meritorious defense as well as a reasonable excuse for the default (*see e.g. Taylor v Saal,* 4 AD3d 467 [2004]; *Dominguez v Carioscia,* 1 AD3d 396, 397 [2003]; *Kaplinsky v Mazor,* 307 AD2d 916 [2003]; *Shmarkatyuk v Chouchereba,* 291 AD2d 487 [2002]; *Roussodimou v Zafiriadis,* 238 AD2d 568 [1997]). This requirement, imple-

mented in so many cases from this Court, is the law of the state (*see Gray v B.R. Trucking Co.,* 59 NY2d 649, 650 [1983]; *cf. Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]).

The defendants advance insurance company delay as their reasonable excuse. This excuse has been rejected in this Court time and again (*see Krieger v Cohan,* 18 AD3d 823 [2005]; *Hegarty v Ballee,* 18 AD3d 706 [2005]; *Majestic Clothing Inc. v East Coast Stor., LLC,* 18 AD3d 516 [2005]; *Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353, 354 [2005]; *Campbell v Ghafoor,* 8 AD3d 316 [2004]; *Weinberger v Judlau Contr.,* 2 AD3d 631 [2003]; *Kaplinsky v Mazor, supra; Ennis v Lema,* 305 AD2d 632 [2003]; *Cilindrello v Rayabin,* 297 AD2d 699 [2002]). Even so, I have no quarrel with the proposition that the court possesses inherent power to "vacate its own judgment for sufficient reason and in the interests of substantial justice" (*see Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 68 [2003] [emphasis added]). The problem in the case at bar is that there has been proffered no reason, neither a sufficient nor an insufficient one, for the delay in appearing and answering. To excuse the defendants' default in this case, one would expect more than: "[U]pon receipt of the Summons and Complaint in this matter I forwarded it to my insurance company . . . with the understanding that they would interpose an Answer on my behalf." Yet, that is the only explanation the record reflects.

The majority would affirm because the delay was properly excused, citing *Trimble v SAS Taxi Co. Inc.* (8 AD3d 557 [2004]); *Orwell Bldg. Corp. v Bessaha* (5 AD3d 573 [2004]); *Goodman v New York City Health & Hosps. Corp.* (2 AD3d 581 [2003]); and *Veith Enters. v Electrical Dev. & Constr.* (292 AD2d 376 [2002]). These cases stand for the proposition that in the "absence of any prejudice to the plaintiff, the lack of willfulness on the part of the defendants, and the public policy in favor of resolving cases on the merits" a defendant's default should be excused (*Trimble v SAS Taxi Co., supra* at 558). In the circumstances of this case, this formulation circumvents the traditional tests for excusing defaults—merits and a reasonable excuse—and silently ignores the strong line of cases that reject insurance company delay.

The defendants contend that a reasonable excuse is not required where no default has yet been entered, as in the case at bar. Here, the defendants moved for leave to serve and file a late answer, to compel the acceptance of their answer, and to vacate their default. In *Franklin v Williams* (2 AD3d 400 [2003]), *Andrade v Ranginwala* (297 AD2d 691 [2002]), *Ennis v*

*Lema (supra), Kachar v Berlin* (296 AD2d 479 [2002]), *Batista v Allstate Ins. Co.* (289 AD2d 519 [2001]), and *Peters v Pickard* (143 AD2d 81 [1988]), we confronted similar motions to vacate a defendant's default in answering or to compel acceptance of an answer. In each we required a reasonable excuse and rejected insurance company delay. No distinction was drawn between these motions and motions to vacate default judgments. Thus, the defendants' attempt in this case to read out of our precedents the requirement of a reasonable excuse is without merit.

The defendants also contend that the brevity of the delay plays a role in excusing a default. Here, the delay by the insurer was two months followed by 39 more days caused by the defense counsel. In *Juseinoski v Board of Educ. of City of N.Y. (supra)*, the delay was two months as to one defendant and three months as to the other, in *Andrade v Ranginwala (supra)*, the delay was only six weeks; in *Kaplinsky v Mazor (supra)* the delay in transmitting the summons and complaint to the insurer was more than one month; in *Ennis v Lema (supra)*, the delay was two and one half months. In each case this Court found no reasonable excuse for the delay. On the other hand, in *Seccombe v Serafina Rest. Corp.* (2 AD3d 516 [2003]), the delay was seven months before the plaintiff made an unopposed motion for a default judgment and after it was granted two more weeks before the defendant moved successfully to vacate. Other delays which this Court excused were as long as one and one half years (*see Mena v Choon-Ket Kong,* 269 AD2d 575 [2000]; *Fire Is. Pines v Colonial Dormer. Corp.,* 109 AD2d 815 [1985]). So, the brevity of the delay cannot rationalize why we grant relief to the defaulting defendant in one case and not in another.

Finally, any notion that our cases disqualifying insurance company delay as a reasonable excuse can be distinguished because there was no affidavit from the defendant or the insurance carrier specifying the cause of the delay is belied by the cases (*see Ennis v Lema, supra*; *Forestire v Little,* 293 AD2d 710 [2002]; *Hazen v Bottiglieri,* 286 AD2d 708 [2001]).

I submit that we are constrained to reverse in this case and deny the defendants' motion to excuse their default in answering the complaint and for leave to serve and file a late answer. To do otherwise defies the authorities we traditionally apply, as enjoined upon us by the Court of Appeals (*see Gray v B.R. Trucking Co., supra*), deprives nisi prius of guidance and denudes the test for vacating defaults of any standards. This encourages appeals and unsettles the law.