■ ESTHER LEMBERGER, Appellant, v CONGREGATION YETEV LEV D'SATMAR, INC., et al., Respondents, et al., Defendant. [822 NYS2d 597]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated February 17, 2006, which granted the motion of the defendants Congregation Yetev Lev D'Satmar, Inc., and United Talmudical Academy Torah V'Yirah Rabbinical, Inc., inter alia, to vacate a judgment of the same court (Rosenberg, J.) entered December 9, 2005, upon their default in appearing or answering the complaint.

Ordered the order is reversed, on the law and as a matter of discretion, with costs, and the motion is denied.

On or about August 11, 2005 the plaintiff commenced this action against the defendants Congregation Yetev Lev D'Satmar, Inc. (hereinafter Congregation), United Talmudical Academy Torah V'Yirah Rabbinical, Inc. (hereinafter United), and Tirnower Kosher Catering, Inc. The plaintiff moved for leave to enter a default judgment against these defendants and on December 9, 2005 a judgment was entered against them upon their default in appearing or answering the complaint. In February 2006 Congregation and United (hereinafter the respondents) moved to vacate the default against them and to direct the plaintiff to accept their late answer. The Supreme Court granted the motion. The plaintiff appeals.

A defendant seeking to vacate its default in appearing or answering the complaint must provide a reasonable excuse for

the default and demonstrate a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Weinberger v Judlau Contr.*, 2 AD3d 631 [2003]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]; *Ennis v Lema*, 305 AD2d 632 [2003]; *O'Shea v Bittrolff*, 302 AD2d 439 [2003]). While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Matter of Gambardella v Ortov Light.*, 278 AD2d 494 [2000]), a general excuse that the default was caused by delays occasioned by the defendants' insurance carrier is insufficient (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]; *Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]; *Weinberger v Judlau Contr., supra*; *Franklin v Williams*, 2 AD3d 400 [2003]; *Kaplinsky v Mazor, supra; Hazen v Bottiglieri*, 286 AD2d 708 [2001]; *Miles v Blue Label Trucking*, 232 AD2d 382, 383 [1996]; *Martyn v Jones*, 166 AD2d 508 [1990]; *Peters v Pickard*, 143 AD2d 81 [1988]).

Contrary to the respondents' contention, the bare allegations of United's administrator and the claims manager of Zurich Insurance Company (hereinafter Zurich), the respondents' insurance carrier, that the summons and complaint were immediately forwarded to an unnamed insurance broker, without an adequate explanation for the approximately four-month gap that followed before Zurich allegedly received them, was insufficient to constitute a reasonable excuse for their default. The explanation proffered by Zurich's claims manager that "because Zurich had no record of [the claim] being logged into our system, Zurich never assigned counsel to answer the complaint" did not constitute a reasonable excuse (*see* CPLR 5015 [a] [1]; *Gray v B. R. Trucking Co., supra*; *Weinberger v Judlau Contr., supra*; *Kaplinsky v Mazor, supra*; *Ennis v Lema, supra*; *O'Shea v Bittrolff, supra*). In addition, the unsubstantiated affidavit of Congregation's administrator, denying that Congregation had an office where the summons and complaint were served, was insufficient to rebut the presumption of proper service created by the affidavit of service and other documentary proof provided by the appellant (*see Carrenard v Mass*, 11 AD3d 501 [2004]; *Truscello v Olympia Constr.*, 294 AD2d 350, 351 [2002]; *De La Barrera v Handler*, 290 AD2d 476 [2002]).

In view of the lack of a reasonable excuse, it is unnecessary to consider whether the respondents sufficiently demonstrated a meritorious defense. Accordingly, the Supreme Court improvidently exercised its discretion in granting the respondents' motion to vacate the default judgment.

The respondents' remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.