■ Patrick J. Hirsch, Respondent, v Blake Housing, LLC, Appellant, et al., Defendants. (And a Third-Party Action.) [825 NYS2d 267]—

In an action to recover damages for personal injuries, the defendant Blake Housing, LLC, appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated November 4, 2005, which denied its motion to vacate an order of the same court dated July 1, 2005, granting the plaintiff's unopposed motion for leave to enter judgment against it on the issue of liability upon its failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

A defendant seeking to vacate its default must demonstrate a reasonable excuse for its delay in appearing or answering the complaint and a meritorious defense to the action (*see* CPLR

5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]). The only excuse offered by the appellant for its failure to timely serve an answer and to oppose the plaintiff's motion for leave to enter a default judgment against it was its insurance carrier's delay in determining coverage, which was insufficient (*see Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671 [2006]; *Krieger v Cohan*, 18 AD3d 823 [2005]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]). Further, the appellant failed to demonstrate the existence of a potentially meritorious defense. Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion. Adams, J.P., Santucci, Mastro and Lifson, JJ., concur.