■ HUGO MARTINEZ, Appellant, v D'ALESSANDRO CUSTOM BUILDERS & DEMOLITION, INC., Respondent, et al., Defendant. [861 NYS2d 737]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), entered July 12, 2007, which granted the motion of the defendant D'Alessandro Custom Builders & Demolition, Inc., inter alia, to vacate a prior order of the same court entered March 12, 2007 granting his unopposed motion for leave to enter judgment against that defendant upon its default in appearing or answering the complaint, and to compel him to accept its late answer.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defen-

dant D'Alessandro Custom Builders & Demolition, Inc., inter alia, to vacate the prior order entered March 12, 2007 and to compel the plaintiff to accept its late answer is denied.

A defendant seeking to vacate its default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate the existence of a meritorious defense to the action (see CPLR 5015 [a] [1]; *Krieger v Cohan,* 18 AD3d 823 [2005]; *Weinberger v Judlau Contr.,* 2 AD3d 631 [2003]; *Kaplinsky v Mazor,* 307 AD2d 916 [2003]). While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see *Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]), a general excuse that the default was caused by delays occasioned by the defendant's insurance carrier is insufficient (see *Lemberger v Congregation Yetev Lev D'Satmar, Inc.,* 33 AD3d 671, 672 [2006]; *Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]; *Campbell v Ghafoor,* 8 AD3d 316, 317 [2004]; *Weinberger v Judlau Contr.,* 2 AD3d 631 [2003]; *Franklin v Williams,* 2 AD3d 400 [2003]). In addition, the unverified "affidavit" of the respondent's president and the general denials contained in the verified answer were insufficient to rebut the plaintiff's prima facie showing of a violation of Labor Law § 240 (1) (see *Thakurdyal v 341 Scholes St., LLC,* 50 AD3d 889 [2008]; *Figueroa v Luna,* 281 AD2d 204, 205 [2001]; *Stein v Yonkers Contr.,* 244 AD2d 473, 474 [1997]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the respondent's motion, inter alia, to vacate its default in appearing or answering and to compel the plaintiff to accept its late answer. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.