■ NANCY KRAMER, Plaintiff, v OIL SERVICES, INC., Defendant and Third-Party Plaintiff-Respondent. STATE FARM INSURANCE COMPANY et al., Third-Party Defendants and ENVIRONMENTAL SERVICES, Third-Party Defendant-Appellant. [882 NYS2d 906]—In an action, inter alia, to recover damages for injury to property, the third-party defendant Environmental Services appeals from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), entered August 6, 2008, as denied its motion to vacate a prior order of the same court entered October 4, 2007, granting the defendant third-party plaintiff's unopposed motion for leave to enter judgment on the issue of liability against it, upon its failure to appear or answer.

Ordered the order is affirmed insofar as appealed from, with costs.

A defendant seeking to vacate its default in appearing or answering the complaint must provide a reasonable excuse for the default and demonstrate the existence of a meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d 671, 672 [2006]; *Krieger v Cohan*, 18 AD3d 823 [2005]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]). The only excuse proffered by the appellant for the default in serving a timely answer was the more than one-year delay caused by its insurance carrier in providing a

defense which, under the circumstances, was insufficient (*see Toland v Young*, 60 AD3d 754 [2009]; *Martinez v D'Alessandro Custom Bldrs. & Demolition, Inc.*, 52 AD3d 786 [2008]; *Canty v Gregory*, 37 AD3d 508 [2007]; *Lemberger v Congregation Yetev Lev D'Satmar, Inc.*, 33 AD3d at 672; *Krieger v Cohan*, 18 AD3d 823 [2005]; *Hegarty v Ballee*, 18 AD3d 706 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.