Gjonaj Realty & Mgt. Corp. v Capacity Group of NY LLC (2019 NY Slip Op 04874)





Gjonaj Realty & Mgt. Corp. v Capacity Group of NY LLC


2019 NY Slip Op 04874


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Kapnick, Oing, Singh, JJ.


9640 24265/17E

[*1]Gjonaj Realty & Management Corp., et al., Plaintiffs-Respondents,
v
Capacity Group of NY LLC, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellants.
Berson & Budashewitz, LLP, New York (Jeffrey A. Berson of counsel), for respondents.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about July 2, 2018, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint on the ground of collateral estoppel, unanimously affirmed, without costs.
Plaintiffs sue their insurance brokers for negligently misrepresenting that they forwarded legal documents which related to an underlying personal injury action to the insurance carrier.
In an appeal in the underlying personal injury action, we denied plaintiffs' motion to vacate a default judgment against them, in part, because plaintiffs failed to demonstrate a reasonable excuse for their default in answering or otherwise appearing in that action (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600 [1st Dept 2017]). We found that plaintiffs' proffered excuse for their default - that they relied on the representations of defendants that the pertinent litigation documents had been forwarded to the appropriate insurance carrier, when in fact, they failed to do so - was not reasonable, given the nature of the documents (including a summons and complaint and two motions for a default judgment) and the length of time that plaintiffs had been receiving them.
Relying on that decision, defendants contend that plaintiffs should be collaterally estopped to relitigate in this action the issue of the reasonableness of their reliance on defendants' representations (see generally Buechel v Bain, 97 NY2d 295, 303-304 [2001], cert denied 535 US 1096 [2002]; Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 153 [1988]). However, we did not rule on the reasonableness of plaintiffs' reliance on defendants' representations or on the merits of the cause of action for negligent misrepresentation asserted herein as a whole. Indeed, we acknowledged plaintiffs' commencement of this action as a potential mechanism for vindicating their rights (see Gecaj, 149 AD3d at 608).
Our decision in Gecaj does not collaterally estop plaintiffs to litigate the reasonableness of their reliance on defendants' representations, because the requisite "identity of issue which has necessarily been decided in the prior action and is decisive of the present action" (Buechel v Bain, 97 NY2d at 304) is lacking (compare Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2d Dept 2005] ["Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits"], quoted in Gecaj, 149 AD3d at 603, with Kimmell v Schaefer, 89 NY2d 257, 264 [1996] ["In determining whether justifiable reliance exists in a particular case, a fact finder should consider whether the person making the representation held or appeared to hold unique or special expertise; whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose"], [*2]and PJI 3:21 and Comment III ["Reasonable Reliance"]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK