| |
|---|
| **Homapour v 3M Props., LLC** |
| 2024 NY Slip Op 34518(U) |
| December 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653795/2015 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

MEHRNAZ NANCY HOMAPOUR, BALANCE PROPERTY, LLC,JAM REALTY NYC LLC,UNITED CHELSEA, LLC,UNITED EAST, LLC,UNITED FIFTH, LLC,UNITED FLATIRON LLC,UNITED GREENWICH, LLC,UNITED HAY, LLC,UNITED NATIONWIDE REALTY LLC,UNITED PRIME BROADWAY, LLC,UNITED PRIME LLC,UNITED SEED LLC,UNITED SQUARE LLC,UNITED VILLAGE, LLC,UNITED WEST, LLC,

| | |
|---|---|
| **INDEX NO.** | 653795/2015 |
| **MOTION DATE** | 09/27/2024 |
| **MOTION SEQ. NO.** | 019 |

Plaintiffs,

**DECISION + ORDER ON MOTION**

- v -

3M PROPERTIES, LLC,BALANCE PROPERTY, LLC,JAM REALTY NYC LLC,UNITED CHELSEA, LLC,UNITED EAST, LLC,UNITED FIFTH, LLC,UNITED FLATIRON LLC,UNITED GREENWICH, LLC,UNITED HAY, LLC,UNITED NATIONWIDE REALTY LLC,UNITED PRIME BROADWAY, LLC,UNITED PRIME LLC,UNITED SEED LLC,UNITED SQUARE LLC,UNITED VILLAGE, LLC,UNITED WEST, LLC,JACOB NY HOLDINGS LLC,JACOB NY HOLDINGS LTD., 172 MULBERRY REALTY LLC,1007 LEX AVE LLC,69 CLINTON NPG LLC,163 CHRYSTIE REALTY LLC,427 EAST 77TH STREET LLC,360 EAST 50TH STREET ASSOCIATES LLC,356 EAST 50TH STREET ASSOCIATES LLC,ORANGE & BLUE LLC,ALEXANDER SELIGSON, SELIGSON ROTHMAN & ROTHMAN, GERARDINE T. DELLARATTA, AS EXECUTRIX FOR THE ESTATE OF HENRY DELLARATTA, NATALIE HAROUNIAN, MEHRNOSH PIROOZIAN, JACOB HAROUNIAN, MARK HAROUNIAN, JOHN DOES 1-100,

Defendants.

-----------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 019) 936, 937, 938, 939, 940, 941, 942, 943, 1443, 1444, 1445, 1446, 1447, 1448, 1449, 1450

were read on this motion for       JUDGMENT - DEFAULT      .

     Defendants/Crossclaim-Plaintiffs Mark Harounian ("Mark"), JAM Realty NYC LLC

("JAM"), and United Seed LLC ("Seed," collectively with Mark and JAM "Crossclaim-

Plaintiffs") move for an order entering default judgment against Defendant/Crossclaim-

Defendant Jacob Harounian ("Crossclaim-Defendant" or "Jacob") on the crossclaims asserted against Jacob in their November 16, 2023 Verified Answer and Crossclaims (NYSCEF 903). In turn, Jacob cross-moves for an extension of time to file his Answer to the crossclaims and to compel Crossclaim-Plaintiffs to accept that filing. Upon the foregoing documents and for the reasons stated below, Crossclaim-Plaintiffs' motion is **denied** and Crossclaim-Defendant's cross-motion is **granted**.

CPLR 3012(d) provides that "[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."  The First Department has observed, consistent with this language, that "no showing of meritorious defense [is] required" for relief under this provision (*HSBC Bank USA, N.A. v Donaldson*, 181 AD3d 464, 465 [1st Dept 2020]; *see also Naber Electric v Triton Structural Concrete, Inc.*, 160 AD3d 507, 508 [1st Dept 2018] ("an affidavit of merit is not essential to the relief sought by defendants before entry of a default order or judgment"].[1]

---

[1] Although there are cases suggesting that "the potential merits of any defense" may be considered as a factor in exercising discretion under CPLR 3012(d) (see *Emigrant Bank v Rosabianca*, 156 AD3d 468, 472-473 [1st Dept 2017]; *U.S. Bank National Association v Barker Project LLC*, 220 AD3d 588 [1st Dept 2023]), they are distinguishable.  In *Emigrant Bank*, for example, the defaulting parties did not oppose the motion for default; rather, they waited more than four months after the default motion to move pursuant to CPLR 3012(d), after default judgment had already been entered against them in a related proceeding (156 AD3d at 472-73). Here, Jacob responded to the default motion and has participated in this litigation for years. *US Bank National Association* cites only *Emigrant Bank* in stating the requirement of a meritorious defense, and in that case the lack of meritorious defense was not dispositive because the court found there was also no reasonable excuse for default (220 AD3d at 588; *see also U.S. Bank Trust N.A. v Rivera*, 187 AD3d 624, 625 [1st Dept 2020] [noting that where there is no reasonable excuse, the court need not consider the merits of the defense when vacating a default judgment]).

[* 2]

In determining whether there is a reasonable excuse, the Court may consider all relevant factors, including the length of the delay, prejudice to the opposing party, willfulness, and "the strong public policy in favor of resolving cases on the merits" (*Harcztark v Drive Variety, Inc.*, 21 AD3d 876, 876-877 [2005]). Jacob asserts that the delay was the result of inadvertent law office failure because his counsel did not notice that Crossclaim-Plaintiffs added a demand for Jacob to answer the crossclaims (NYSCEF 1449 [Memorandum in Opposition]; NYSCEF 1444 ["Steckler Aff."] ¶ 9). Jacob's counsel explains that this oversight occurred because Crossclaim-Plaintiffs' Answer to Plaintiffs' Third Amended Complaint was nearly identical to their prior two Answers, which did not demand a response from Jacob (Steckler Aff. ¶¶ 4-6; NYSCEF 1445-47 [Answers]).

While the length of delay was not insubstantial (approximately 10 months), Jacob's default was not prejudicial. Fact discovery was completed when the third Answer was filed, and Crossclaim-Plaintiffs did not raise the issue of Jacob's default until serving the Notice of Motion nearly 10 months after Jacob's reply was due (*see* Steckler Aff. ¶ 9; NYSCEF 936 [Notice of Motion]; NYSCEF 1449 [Memorandum in Opposition] at 5; NYSCEF 1450 [Memorandum in Reply] at 3). Further, as discussed above, the cross-claims remained nearly identical to the ones previously asserted. Nor is Jacob's opposition to the instant motion and participation in this nearly decade-old litigation consistent with a pattern of willful and dilatory behavior (*see Tadco Constr. Corp. v Gen. Contrs. Assn. of NY, Inc.*, 223 AD3d 445, 446 [1st Dept 2024] [finding reasonable excuse where failure to answer was not willful or part of a pattern of neglect, but rather resulted from inadvertent law office failure]).

In light of the general preference for resolving disputes on the merits, the lack of prejudice to Crossclaim-Plaintiffs, and Jacob's explanation for his failure to reply to the

**653795/2015   HOMAPOUR, MEHRNAZ NANCY vs. 3M PROPERTIES, LLC**
**Motion No.  019**

**Page 3 of 4**

crossclaims, the Court concludes that Jacob has demonstrated a reasonable excuse for delay or default.

Accordingly, it is

**ORDERED** that Crossclaim-Plaintiffs' motion for a default judgment is **denied**; it is further

**ORDERED** that Crossclaim-Defendant's cross motion to extend the time to file his Answer to the crossclaims and to compel Crossclaim-Plaintiffs to accept that filing is **granted**; and it is further

**ORDERED** that Crossclaim-Defendant shall file his answer to the crossclaims within 14 days of the date of this Order.

This constitutes the decision and order of the Court.

20241219120840JMC0HENF6DAEAFC9708450C2BD574DE0CE1E61A9

| | | |
|---|---|---|
| **12/19/2024** | | |
| **DATE** | | **JOEL M. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |