## 215 E. 68th St. LP v Dolch

2025 NY Slip Op 32247(U)

June 24, 2025

Supreme Court, New York County

Docket Number: Index No. 150182/2024

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 41M

-------------------------------------------------------------------------------X

215 EAST 68TH STREET LP

                                Plaintiff,

                - v -

ROBIN DOLCH,

                              Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 150182/2024 |
| **MOTION DATE** | 03/20/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

HON. NICHOLAS W. MOYNE:

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27

were read on this motion to/for          JUDGMENT - DEFAULT        .

Upon the foregoing documents, it is

Upon the foregoing papers, and after due deliberation, the plaintiff's motion for a default judgment is granted, and the defendant's cross-motion for leave to file a late answer is denied, for the reasons set forth below.

The plaintiff, 215 East 68th Street, L.P., initiated this action seeking a money judgment for unpaid rent, use and occupancy, late fees, damages, and attorneys' fees against the defendant, Robin Dolch.  The defendant had leased Apartment 2Y in the plaintiff's building located at 215 East 68th Street, New York, New York, for a period beginning August 5, 2015, with the most recent renewal lease expiring on August 31, 2023.

Plaintiff commenced this action by filing a Summons and Complaint on January 8, 2024. A licensed process server, Charles Mon, personally served the Summons and Complaint on the defendant on January 19, 2024, at 7:31 p.m., at her apartment. Substituted service was also effectuated by delivering a copy to a person of suitable age and discretion at the apartment and mailing a copy to the defendant on February 7, 2024.  The defendant failed to answer or appear in this action, and her time to do so has expired.  Consequently, the plaintiff filed a motion for a default judgment on March 20, 2024.

In response, the defendant has filed a cross-motion for leave to file a late answer, claiming that she mistakenly thought the papers referred to another case (Index No. 151059/2024) that the plaintiff allegedly served and filed around the same time regarding her business property. Defendant further asserts that her delay was de minimis and caused no

**150182/2024   215 EAST 68TH STREET LP vs. DOLCH, ROBIN**
**Motion No.  001**

**Page 1 of 4**

prejudice to the plaintiff, and that public policy favors resolving cases on their merits. Defendant's proposed Verified Answer is annexed to her cross-motion.

To obtain a default judgment under CPLR §3215(f), a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defendant's default. To demonstrate the facts constituting the claim, the movant need only submit sufficient proof to enable a court to determine that a "viable cause of action exists." (*Woodson v Mendon Leasing Corp*., 100 NY2d 62, 71 [2003]). CPLR§ 3215(f) expressly provides that a plaintiff may satisfy this requirement by submitting the verified complaint.

To vacate a default and be granted leave to file a late answer, a defaulting party must demonstrate both a reasonable excuse for the default and a meritorious defense (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lumber Co., Inc.*, 67 NY2d 138, 141 [1986]). In evaluating whether a proffered excuse is reasonable, the Court must consider several relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether the delay was willful or intentional, the existence of a valid defense or defenses and the strong public policy of favoring cases on the merits (*see Harcztark v Drive Variety, Inc.,* 21 AD3d 876, 876-877 [2d Dept 2005]). While it is true that courts generally must favor a disposition on the merits, rather than a determination made upon a party's default, this policy is balanced against the need for orderly litigation and should not automatically excuse willful or intentional defaults.

The plaintiff contends that the defendant's failure to answer or appear was willful, deliberate, and intentional. The evidence supports this assertion. The defendant does not dispute that she was properly served by the process server. More importantly, the defendant appears to have a history of intentionally defaulting on money judgments. The plaintiff claims, and the defendant does not dispute, that in a previous summary holdover proceeding, the defendant's counsel explicitly informed the plaintiff's counsel that they would not appear because personal service had not been obtained in that specific holdover proceeding and a monetary judgment could not therefore be obtained. This prior default demonstrates a pattern of deliberate non-appearance in order to avoid monetary obligations. It is also clear from the record that despite the defendant's claim of confusion, she and her attorneys were explicitly aware of the current Supreme Court action seeking a money judgment for rent and use and occupancy as early as February 11, 2024. After the defendant intentionally defaulted in the summary holdover proceeding and after the holding of an inquest, the defendant brought an order to show cause seeking to delay the issuance of a warrant of eviction. Ultimately, the order to show cause was resolved by a two-attorney stipulation dated February 11, 2024, which states, "The parties acknowledge that Petitioner has commenced a separate proceeding in Supreme Court seeking a money judgment for all rent/use and occupancy owed to date and Petitioner reserves all causes of action and respondent reserves all defenses, with respect to same." The stipulation is documentary proof of the defendant's awareness of this action prior to the filing of the motion for a default judgment.

Defendant claims she mistakenly thought the papers in this action related to another case involving her business which was filed and served against her around the same time. However, the plaintiff clarifies that the other action was commenced by an unaffiliated entity, Enbergar NY, LLC, and its summons and complaint were not served until April 11, 2024 – **83**

**150182/2024   215 EAST 68TH STREET LP vs. DOLCH, ROBIN**
**Motion No.  001**

**Page 2 of 4**

[* 2]

**days *after* Defendant was served in *this* action**, and after Plaintiff's motion for default judgment had already been filed and served on March 20, 2024. Therefore, the defendant's claim of confusion cannot credibly explain her failure to timely answer this complaint. The plaintiff has sufficiently demonstrated that the failure to respond to the complaint until after the default motion was filed was willful and/or intentional.

Even if a reasonable excuse were found, the defendant must also demonstrate the existence of a meritorious defense which she has failed to do. Her affidavit and proposed answer reference her alleged difficulty in operating a restaurant in the premises and a claim of fraudulent inducement concerning a restaurant business. However, this action solely concerns unpaid rent and use and occupancy for the defendant's residential apartment. The defendant's commercial space was leased to her by a different entity than the plaintiff here and her alleged defenses in the commercial matter are irrelevant to any defenses in this residential rent collection action. The remainder of the defendant's purported defenses as plead in her proposed answer are boilerplate, vague and/or conclusory.

The plaintiff has established a clear entitlement to damages under the lease, including for rent, use and occupancy, late fees, damages to the apartment and attorney's fees. The undisputed facts establish the following

Defendant failed to pay the balance of rent for May 2023 ($200.00).

Defendant failed to pay rent and use and occupancy from June 2023 through February 2024, her vacate date, in the amount of $67,950.00 ($7,550.00 x 9 months).

Defendant owes $450.00 in late fees ($50.00 x 9 months) as stipulated in Article 37 of the Lease.

Defendant's security deposit of $7,550.00 was applied toward damages totaling $8,083.97, leaving an additional $533.97 owed for damages in excess of the deposit.

The total monetary claim for rent, use and occupancy arrears, late fees, and damages is $69,133.97 plus attorneys' fees for this proceeding (but not for the prior holdover proceeding which should have been sought therein or are waived ).

In conclusion, the defendant has failed to establish both a reasonable excuse for her default and a meritorious defense. Her claim of confusion is undermined by the timing of the other lawsuit and the explicit acknowledgment by her counsel of this Supreme Court action. Furthermore, her asserted defense regarding a commercial restaurant space is entirely irrelevant to this action concerning her residential apartment lease. The pattern of intentional default in prior proceedings also weighs heavily against vacating the default. Therefore, the plaintiff has met the requirements for a default judgment, and the defendant has failed to satisfy the criteria for vacating the default and obtaining leave to file a late answer.

Accordingly, it is hereby:

**150182/2024 215 EAST 68TH STREET LP vs. DOLCH, ROBIN**
**Motion No. 001**

**Page 3 of 4**

3 of 4

**ORDERED,** that Plaintiff's motion for a default judgment against Defendant Robin Dolch is granted ; and it is further

**ORDERED**, that the defendant's cross-motion for leave to accept a late answer is denied; and it is further

**ORDERED,** that the Clerk of the Court is directed to enter judgment in favor of Plaintiff, 215 EAST 68th STREET, L.P., and against Defendant, ROBIN DOLCH, in the total amount of $69,133.97 for rent, use and occupancy arrears, late fees, and damages for the period of May 5, 2023, through February 29, 2024, together with statutory interest from May 1, 2023; and it is further

**ORDERED,** that Plaintiff is awarded attorneys' fees and expenses incurred in the instant Action in the amount of $6,144.28 through March 19, 2024, together with statutory interest from May 1, 2023; and it is further

**ORDERED,** that Plaintiff is further awarded all additional legal fees, costs, and disbursements incurred in the prosecution of this Action subsequent to March 19, 2024, through the date this motion is decided, with the amount of such fees to be determined at an inquest or by submission of an affirmation of services by Plaintiff's counsel; and it is further

**ORDERED,** that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision, Order, and Judgment of the Court.

| | |
|---|---|
| **6/24/2025** | |
| **DATE** | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**150182/2024   215 EAST 68TH STREET LP vs. DOLCH, ROBIN**
**Motion No.  001**

**Page 4 of 4**

4 of 4