■ MICHAEL TRAPANI, Appellant, v IMLUG & SEVEN CORP. et al., Respondents

The plaintiff commenced the present action by service of a summons and complaint on July 26, 1985. The law firm which represents the defendants became aware, as early as September 3, 1985, that the defendants had been served with the summons and complaint.

On September 11, 1985, an attorney at the law firm representing the defendants requested that the plaintiff's attorney

forward to her copies of the affidavit of service relative to the summons and complaint. This attorney apparently agreed to waive any potential defense based on improper service (CPLR 3211 [a] [8]) upon receipt and review of these affidavits. It was allegedly agreed that the plaintiff's attorney would then consent to accept an answer within 30 days after the defense counsel was to have waived any defense based on improper service.

The plaintiff's attorney claims that copies of the affidavits of service were mailed to the defense counsel on September 11, 1985. However, the attorneys for the defendants insist that no affidavits of service were received until some unspecified time after October 22, 1985.

The plaintiff's attorney claims that an extension of time was granted to the defendants' attorneys on September 23, 1985, and that another extension was granted on October 23, 1985. That attorney also claims that he sent a letter to the defense counsel dated February 27, 1986, in which he stated that he would agree to accept an answer from the defendants provided that it would be served within 30 days. The defense counsels claim not to have received this letter. No answer was served within that time.

By notice of motion dated April 23, 1986, the plaintiff sought leave to enter a default judgment against the defendants. The defendants made a cross motion for an order directing the plaintiff to accept their answer. The court denied the plaintiff's application, and granted that of the defendants. This appeal followed. We reverse.

We note, initially, that no affidavit of merit was included with the defendants' cross motion for leave to serve a late answer (see, CPLR 3012 [d]). Assuming that this would not, by itself, require denial of the defendants' cross motion as a matter of law (see, Ching v Ching, 125 AD2d 934; Continental Cas. Co. v Cozzolino Constr. Corp., 120 AD2d 779, 780; Mufalli v Ford Motor Co., 105 AD2d 642, 643; cf., Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904), it is at the very least a factor that must be given considerable weight in determining whether a default of this magnitude should be excused.

Considering the absence of an affidavit of merit, and considering also the extremely evasive excuse offered by the defense counsel for the default in appearing, we conclude that it was an improvident exercise of the court's discretion to compel the plaintiff to accept service of the defendants' answer. For more than eight months the attorneys for the defendants knew or

should have known that the defendants were in default, yet no written stipulation extending the defendants' time to answer was obtained. While the failure to obtain a written stipulation (see, CPLR 2104) allowing for an extension of time to serve a pleading may in some cases be excusable (see, e.g., *Saltzman v Knockout Chem. & Equip. Co.,* 108 AD2d 908), that failure was not excusable in the present case, where the defendants were in default for over eight months before the plaintiff sought to enter a default judgment.

Defense counsels' attempt to shift the responsibility for the defendants' extensive default to the plaintiff's attorney, who allegedly failed promptly to forward affidavits of service. No explanation is offered, however, for the defendants' continued failure to serve an answer even after these affidavits of service had concededly been received by the defense counsel. While "law office failure" may constitute a valid excuse under certain circumstances, there must be detailed allegations of fact which explain the reason for such a failure (see, *Tandy Computer Leasing v Video X Home Lib.,* 124 AD2d 530, 531; *De Vito v Marine Midland Bank,* 100 AD2d 530). In the present case, no facts are alleged to explain defense counsels' failure, until the very last minute, to take the necessary steps to protect the defendants. There is no allegation that the file was lost or misplaced, and no allegation that the defendants themselves were unwilling to waive a defense based on improper service. All indications are that, if the plaintiff had not sought a default judgment when he did, the defendants' default in appearing and answering would have continued indefinitely.

We find, under these circumstances, that the defendants' default should not have been excused. The plaintiff's motion for leave to enter a default judgment as to liability should have been granted. The defendants' cross motion should have been denied. The matter is hereby remitted to the Supreme Court, Nassau County, for an inquest. Thompson, J. P., Bracken, Brown, Weinstein and Spatt, JJ., concur.