■ Jose Torres, Appellant, v Houses "R" Us, Inc., Respondent.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ramirez, J.), dated May 31, 1990, as, upon renewal, granted the defendant's motion to vacate its default in answering.

Ordered that the order is reversed insofar as appealed from, as an exercise of discretion, with costs, and the defendant's motion is denied.

In moving to vacate the default judgment entered against it, the defendant was required to show a reasonable excuse for its delay in serving an answer (see, CPLR 5015 [a]; Peters v Pickard, 143 AD2d 81). The complaint was served in April 1988 and in July 1988, when the defendant had not yet served an answer, the plaintiff offered to extend its time to answer for 20 days. In September 1988 the defendant's insurance carrier sought a further extension of time in which to answer the complaint. By letter dated September 7, 1988, the plaintiff

agreed to an extension of 15 days from that date but warned that an answer served after that date would be rejected. The defendant contends that it served an answer in November 1988; however, the plaintiff asserts that the answer was not served until January 1989 after he had already moved for an inquest. Even assuming that the defendant served an answer in November 1988, no satisfactory excuse was offered for its delay of seven months, including the delay in complying with the September 1988 stipulation. Consequently, we find that it was an improvident exercise of the court's discretion to vacate the defendant's default (see, e.g., Trapani v Imlug & Seven Corp., 140 AD2d 690; Peters v Pickard, supra; Montalvo v Nel Taxi Corp., 114 AD2d 494). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.