■ MICHAEL BODI et al., Respondents, v RALPH J. ORCIUOLI et al., Appellants. [600 NYS2d 792] —Weiss, P. J. Appeal from an order of the Supreme Court (Travers, J.), entered May 8, 1992 in Rensselaer County, which denied defendants' motion to vacate a default judgment entered against them.

The gravamen of this action commenced on May 25, 1989 is an encroachment by defendants upon plaintiffs' land. Following the service of process, conversations ensued between the parties and thereafter between defendants and counsel for plaintiffs concerning a possible purchase by defendants of the land in question. Defendants failed to respond to an offer made in a May 16, 1990 letter to them from plaintiffs' attorney and they did not respond to his July 27, 1990 letter sent by certified mail in which a demand was made for service of their answer. On March 1, 1991 plaintiffs moved on notice for a default judgment and on June 19, 1991 an amended default judgment was entered against defendants. Supreme Court denied defendants' motion to vacate the judgment made seven months later on February 27, 1992 by order to show cause, holding that defendants had failed to demonstrate a valid excuse for their default. This appeal followed.

CPLR 5015 (a) requires, *inter alia,* that a movant for vacatur must demonstrate a reasonable excuse for the default and a meritorious defense to the action *(see, Bernholz v Bernholz,* 184 AD2d 542, 543). Defendants' explanation that they believed that settlement negotiations somehow excused their default and preserved the status quo is without merit *(see, Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497). Further, defendants have not demonstrated that Supreme Court abused its discretion by refusing to relieve them

from their default *(see, Credit Car Leasing Corp. v Elan Group Corp.,* 185 AD2d 109, 110).

Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.