■ COMMUNITY PRESERVATION CORPORATION et al., Plaintiffs, v MARBOOK ASSOCIATES et al., Respondents, and DONOVAN, LEISURE, NEWTON & IRVINE, Nonparty-Appellant. [602 NYS2d 889] —In a mortgage foreclosure action, the nonparty attorneys Donovan, Leisure, Newton & Irvine appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated February 4, 1991, as imposed a $2,500 sanction upon them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision imposing the sanction is deleted.

We agree with the appellant that the imposition of the sanction was error. The appellant, a firm of attorneys representing the plaintiff in this mortgage foreclosure action, moved for accelerated judgment, including entry of default judgment against certain defaulting defendants, pursuant to CPLR 3215. By order dated October 25, 1990, the court denied that relief, with leave to renew upon condition that the appellant pay a $2,500 sanction to the Lawyers' Fund for Client Protection. The order, citing CPLR 3215 (c), indicated that the court was taking this action because the motion had not been made within one year of the defaults. However, CPLR 3215 (c), unlike certain other statutes, does not empower a court to impose monetary sanctions as a condition for granting relief (see, CPLR 5015 [a]; 2004, 3012 [d]; *Gabrelian v Gabrelian*, 108 AD2d 445, 447; *Tehan v Tehan*, 97 AD2d 840). Moreover, the court itself had stated in its order dated October 25, 1990, that the plaintiffs had been "assiduously pursuing [the action] and it clearly has not been abandoned". Under these circumstances no sanction should have been imposed. Accordingly, the provision of the order appealed from directing payment of the sanction must be deleted. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.