■ LEONARD GOLDBERG et al., Respondents, v PROGRESSIVE CREDIT UNION, Appellant. [624 NYS2d 927] —In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Queens County (Smith, J.), dated September 3, 1992, which granted the plaintiffs' motion to direct an inquest upon the defendant's failure to answer and (2) a judgment of the same court, dated December 6, 1993, which, after an inquest, is in favor of the plaintiffs and against it in the principal sum of $35,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the orders dated September 3, 1992, and January 15, 1993, are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]; *James v Powell,* 19 NY2d 249; *Katz v Katz,* 68 AD2d 536).

The court properly proceeded to inquest in this case. Although the plaintiffs' motion for leave to enter a default judgment was made shortly after the required time limitation of CPLR 3215 (c), the plaintiffs were actively pursuing their case and had not abandoned it *(see, Community Preservation Corp. v Marbook Assocs.,* 197 AD2d 659). Moreover, the papers in support of the motion adequately explained the delay and contained an affidavit of merit demonstrating the meritorious nature of the plaintiffs' complaint *(see, Ingenito v Grumman Corp.,* 192 AD2d 509).

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Thompson, Lawrence and Goldstein, JJ., concur.