■ Flora Co., Respondent, v Assimakis Ingilis, Appellant, et al., Defendants. [650 NYS2d 24] —In a mortgage foreclosure action, the defendant Assimakis Ingilis appeals from an order of the Supreme Court, Queens County (Price, J.), dated September 28, 1995, which denied his motion to vacate a prior order of the same court, dated April 3, 1995, entered upon the plaintiff's unopposed motion for leave to enter a judgment of foreclosure and sale upon the defendant's default in answering.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion to vacate the order entered upon his default. The appellant's references to previous, abandoned litigation between the parties, and his purported reliance upon alleged settlement negotiations in connection therewith, failed to constitute a reasonable excuse for his default in answering the complaint and his failure to submit papers in opposition to the plaintiff's motion for entry of a default order (see generally, Kyriacopoulos v Mendon Leasing Corp., 216 AD2d 532; Bodi v Orciuoli, 195 AD2d 841). Moreover, on the present record, the alleged merit of the defense proffered by the appellant is, at best, questionable.

We find unpersuasive the appellant's contention that the Supreme Court erred in implicitly rejecting his argument that the complaint should have been dismissed pursuant to CPLR 3215 (c). While the plaintiff sought a default order several days beyond the one-year period following the appellant's default, the length of the delay was de minimis. The record further demonstrates that the plaintiff actively pursued the litigation and did not abandon its claim (see, e.g., Goldberg v Progressive Credit Union, 213 AD2d 595; Community Preservation Corp. v Marbook Assocs., 197 AD2d 659). Moreover, the documentary evidence and uncontroverted allegations of nonpayment submitted by the plaintiff sufficed to establish the meritorious nature of the claim (see, Ingenito v Grumman Corp., 192 AD2d 509; see generally, Home Sav. Bank v Schorr Bros. Dev. Corp., 213 AD2d 512; LBV Props. v Greenport Dev. Co., 188 AD2d 588).

The appellant's challenge to the propriety of the verification of the complaint by the plaintiff's counsel pursuant to CPLR 3020 (d) (3) has been waived (see, CPLR 3022) and, in any event, is unsupported by the record. The appellant's remaining arguments regarding the amendment of the complaint and the sufficiency of the plaintiff's motion papers were not specifically raised in his motion to vacate and therefore are not properly before us on this appeal (see, Northville Indus. Corp. v National Union Fire Ins. Co., 218 AD2d 19, 34; Lee v Long Is. R. R., 204 AD2d 280, 282; Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758). O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.