■ NEEKESA ROBINSON, Respondent, v 1068 FLATBUSH REALTY, INC., Defendant, and EMERALD NAIL I, INC., Appellant. [781 NYS2d 901]—

In an action to recover damages for personal injuries, the defendant Emerald Nail I, Inc., appeals (1) from an order of the Supreme Court, Kings County (M. Garson, J.), dated February 5, 2004, which denied its motion to vacate an order of the same court dated July 18, 2003, granting the plaintiff's motion for leave to enter judgment upon its default in appearing or answering and setting the matter down for an inquest on the issue of damages, and (2), as limited by its brief, from so much of a judgment of the same court (Partnow, J.) dated March 24, 2004, as is, after an inquest on the issue of damages, in favor of the plaintiff and against it in the principal sum of $25,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (see CPLR 5501 [a] [1]).

A party seeking to vacate a default in appearing or answering must demonstrate a justifiable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Campbell v Ghafoor, 8 AD3d 316 [2004]). The appellant failed to offer any excuse for its delay of six months in moving to vacate its default in answering the complaint. The appellant was aware of the plaintiff's intention to obtain a default judgment and that its insurance carrier disclaimed coverage (cf. Seccombe v Serafina Rest. Corp., 2 AD3d 516 [2003]; Perez v Linshar Realty Corp., 259 AD2d 532, 533 [1999]; Fire Is. Pines v Colonial Dormer Corp., 109 AD2d 815, 816 [1985]), but took no steps to vacate its default until after the plaintiff placed the case on the inquest calendar (see Hokayem v Leland, 226 AD2d 345 [1996]; Torres v

*Houses "R" Us*, 182 AD2d 684 [1992]; *Perellie v Crimson's Rest.*, 108 AD2d 903 [1985]). Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion to vacate its default.

The appellant's contention that the Supreme Court erred in admitting into evidence the affirmed medical report of the plaintiff's expert witness at the inquest on the issue of damages on the ground that the appellant was denied an opportunity to cross-examine the plaintiff's witness, is unpreserved for appellate review (*see Hambsch v New York City Tr. Auth.*, 63 NY2d 723, 725 [1984]), and we decline to review it in the exercise of our interest of justice jurisdiction. Florio, J.P., Goldstein, Adams, Rivera and Spolzino, JJ., concur.