■ FRANK WILLIAMS, Appellant, v BRIAN D. COOK, Doing Business as BRIAN D. COOK RENOVATION & REMODELING, Respondent. [791 NYS2d 855]—In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered February 27, 2004, which granted the defendant's motion to vacate an order of the same court (Colabella, J.), entered December 16, 2002, granting his motion for leave to enter judgment upon the defendant's default in appearing or answering and directing an inquest on the issue of

damages, and to vacate a judgment of the same court (Friedman, J.), entered June 24, 2003, which, after an inquest on damages, was in his favor and against the defendant in the principal sum of $35,045.00.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the order entered December 16, 2002, and the judgment are reinstated.

A party seeking to vacate a default in appearing or answering must demonstrate a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]). Here, the defendant failed to offer a reasonable excuse for his default. We note that the defendant has abandoned his claim of improper service on appeal. Moreover, the defendant failed to establish the existence of a meritorious defense. Accordingly, the motion to vacate the default should have been denied. Cozier, J.P., S. Miller, Santucci and Fisher, JJ., concur.