■ MAJESTIC CLOTHING INC., Doing Business as BIG N TALL KING, Appellant, v EAST COAST STORAGE, LLC, Respondent, et al., Defendant. [795 NYS2d 289]—

In an action, inter alia, to recover for property damage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated April 23, 2004, which granted the motion of the defendant East Coast Storage, LLC, to vacate an order of the same court (Roberto, J.), entered September 17, 2003, granting its motion for leave to enter judgment against the defendant East Coast Storage, LLC, upon that defendant's default in answering, and to vacate a judgment of the same court entered November 5, 2003, upon the order and upon a decision of the same court (Shifrin, R.), dated October 29, 2003.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, and the order dated September 17, 2003, and the judgment are reinstated.

The plaintiff served the summons and complaint in this action on the defendant East Coast Storage, LLC (hereinafter East Coast Storage), pursuant to Limited Liability Company Law § 303, by service upon the Secretary of State, on June 12, 2003. Apparently, the summons and complaint were not actually received by East Coast Storage until July 22, 2003, because the address which the Secretary of State had on file for it had not been updated. East Coast Storage claims that after receiving the summons and complaint, it immediately forwarded it to its insurance broker, who in turn, forwarded it to the insurance carrier, who through "mistake, oversight or inadvertence," did not forward it to defense counsel until September 12, 2003.

By order entered September 17, 2003, the Supreme Court granted the plaintiff's motion for leave to enter judgment against East Coast Storage upon its default in answering and set the matter down for an inquest on damages. By decision dated October 29, 2003, the Referee found that "a preponderance of the credible evidence support[ed] an award in favor of plaintiff and against [East Coast Storage] in the sum of $220,741.43," and directed the clerk to enter judgment accordingly. Judgment was entered on November 5, 2003.

East Coast Storage moved to vacate the order entered September 17, 2003, and the default judgment, pursuant to CPLR 317, or alternatively, pursuant to CPLR 5015 (a) (1). The Supreme Court granted the motion upon finding that East Coast Storage established the existence of a reasonable excuse for the default and a meritorious defense to the action. We reverse.

East Coast Storage failed to establish that it did not receive the summons in time to defend, as required to obtain relief from a default judgment pursuant to CPLR 317 (*see Fleetwood Park Corp. v Jerrick Waterproofing Co.*, 203 AD2d 238 [1994]).

By its own admission, East Coast Storage received the summons and complaint on July 22, 2003, well before judgment was entered against it upon its default.

Nor did East Coast Storage establish entitlement to relief pursuant to CPLR 5015 (a) (1), which requires a showing of both a reasonable excuse for the default and the existence of a meritorious defense (see *Kaplinsky v Mazor*, 307 AD2d 916 [2003]). Arguably, the initial default, due to the failure to keep the Secretary of State apprised of its change of address, was excusable (see *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138 [1986]). However, the continued default, blamed on insurance carrier delay and settlement negotiations, was inexcusable (see *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]; *Kaplinsky v Mazor, supra*; *Flora Co. v Ingilis*, 233 AD2d 418 [1996]; *Bodi v Orciuoli*, 195 AD2d 841 [1993]).

Accordingly, the Supreme Court should have denied the motion to vacate. Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.