■ CARMELO GOMEZ, Also Known as CARMEN GOMEZ, Appellant, v QUEENS VAN PLAN, INC., Respondent, et al., Defendant. [828 NYS2d 470]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 5, 2005, as granted the motion of the defendant Queens Van Plan, Inc., for leave to reargue and, upon reargument, granted that defendant's prior motion pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated November 12, 2002 granting the plaintiff's unopposed motion, in effect, for leave to enter a judgment against that defendant on the issue of liability upon its failure to appear and answer the complaint.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion for leave to reargue is denied, and the order dated November 12, 2002 is reinstated.

The defendant Queens Van Plan, Inc. (hereinafter the defendant), failed to appear and answer the complaint. The plaintiff moved, in effect, for leave to enter a judgment upon the defendant's default, which was granted in an order dated November 12, 2002. By order to show cause dated November 5, 2004 the defendant moved to vacate this order and to extend its time to answer. In the original determination on this motion, the Supreme Court found no sufficient excuse to warrant vacating the default. The defendant moved for leave to renew and reargue, and the Supreme Court again found the lack of a credible excuse.

The defendant's claim that its insurance carrier failed to properly determine coverage was insufficient to establish a reasonable excuse for its delay in appearing and answering the complaint (*see Krieger v Cohan*, 18 AD3d 823, 824 [2005]; *Hegarty v Ballee*, 18 AD3d 706, 707 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]). Nevertheless, the Supreme Court granted the defendant's motion for leave to reargue and vacated its default. This was an improvident exercise of discretion given the absence of a reasonable excuse for the default (*see Gray v B. R. Trucking Co.*, 59 NY2d 649, 650 [1983]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Williams v Cook*, 17 AD3d 354, 355 [2005]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]). Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.