GOLDIE MILLER, Appellant, v ATERES SHLOMO, LLC, et al., Defendants, and TORA RESEARCH ACADEMY, Respondent. [853 NYS2d 602]—

The defendant Tora Research Academy (hereinafter Tora) first appeared in this action when the defendant Regency Manor (hereinafter Regency) served an amended answer on behalf of both it and Tora 43 days after the date on which Tora was required to appear (*see* CPLR 320 [a]). In order to avoid the entry of a default judgment upon its failure to appear or to answer in a timely manner, Tora was required to demonstrate a reasonable excuse for its default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Giovanelli v Rivera,* 23 AD3d 616 [2005]; *Mjahdi v Maguire,* 21 AD3d 1067 [2005]; *Thompson v Steuben Realty Corp.,* 18 AD3d 864 [2005]). The affirmation of Tora's attorney and the affidavit of an employee of Regency in support of Tora's cross motion indicated that the attorney's law firm was contacted by Regency and was retained by Regency's insurance carrier after Tora's time to answer had expired, which did not establish a reasonable excuse for Tora's default (*see Segovia v Delcon Constr. Corp.,* 43 AD3d 1143 [2007]; *Kaplinsky v Mazor,* 307 AD2d 916 [2003]; *Perellie v Crimson's Rest.,* 108 AD2d 903 [1985]). Furthermore, Tora failed to establish a reasonable excuse for its delay of more than one year in making a cross motion to compel the plaintiff to accept an amended answer. Tora received a timely letter from the plaintiff rejecting so much of the amended answer as was asserted on behalf of Tora, but did not cross-move until after the plaintiff moved, inter alia, for leave to enter judgment against it (*see Robinson v 1068 Flatbush Realty, Inc.,* 10 AD3d 716 [2004]; *Duran v Edderson,* 259 AD2d 728 [1999]; *Perellie v Crimson's Rest.,* 108 AD2d at 903). Accordingly, the Supreme Court improvidently exercised its discretion in granting Tora's cross motion to vacate its default. In view of the lack of a reasonable excuse, it is unnecessary to consider whether Tora sufficiently demonstrated the existence of a meritorious defense (*see Segovia v Delcon Constr. Corp.,* 43 AD3d at 1143; *Chiulli v Coyne,* 292 AD2d 413, 414 [2002]; *J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co.,* 288 AD2d 187 [2001]).

In addition, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to enter a judgment against Tora on the issue of liability since the plaintiff submitted proof of service of the summons and the complaint, a factually-detailed complaint she verified, and her attorney's af-

firmation regarding the default (*see* CPLR 3215 [f]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552, 553 [2007]; *599 Ralph Ave. Dev., LLC v 799 Sterling Inc.*, 34 AD3d 726 [2006]; *Giovanelli v Rivera*, 23 AD3d 616 [2005]). Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.