■ CHARLES HOLLOMAN, Also Known as TYRONE GRANT, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [861 NYS2d 356]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 21, 2007, which granted the motion of the defendant City of New York pursuant to CPLR 3012 (d) to compel him to accept its late answer and pursuant to CPLR 3211 (a) (5) to dismiss the action insofar as asserted against it as time-barred, and denied that branch of his cross motion which was pursuant to CPLR 3215, in effect, for leave to enter judgment against the defendant City of New York upon its default in appearing or answering.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion of the defendant City of New York pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer and pursuant to CPLR 3211 (a) (5) to dismiss the action insofar as asserted against it as time-barred is denied, that branch of the plaintiff's cross motion which was pursuant to CPLR 3215, in effect, for leave to enter judgment against the defendant City of New York upon its default in appearing or answering is granted, and the matter is remitted to the Supreme Court, Kings County, for an inquest.

The defendant City of New York failed to timely answer the complaint in this action and the plaintiff rejected its late answer. Nine to 10 months later, the City moved pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer and pursuant to CPLR 3211 (a) (5) to dismiss the action insofar as asserted against it as barred by the one-year and 90-day statute

of limitations of General Municipal Law § 50-i. Asserting that the City was in default by virtue of its failure to timely answer the complaint, the plaintiff cross-moved, inter alia, in effect, for leave to enter a default judgment against it.

The Supreme Court granted the City's motion and denied that branch of the plaintiff's cross motion which was, in effect, for leave to enter a default judgment against the City. On appeal, the plaintiff argues that the City failed to proffer a reasonable excuse for either its willful default in the action, or its lengthy delay in moving to compel him to accept its answer.

Pursuant to CPLR 3012 (d), a court may "compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default." We agree with the plaintiff that the City's excuse for the service of the late answer, that it "receives thousands of summonses each month and its failure to respond timely in each circumstance is an excusable law office failure," was not reasonable. Further, the City failed to offer any excuse for its lengthy delay in moving to compel the plaintiff to accept the late answer (*see Miller v Ateres Shlomo, LLC*, 49 AD3d 612 [2008]). Accordingly, the Supreme Court improvidently exercised its discretion in granting the City's motion to compel the plaintiff to accept its late answer and to dismiss the action insofar as asserted against it as time-barred, and should have granted that branch of the plaintiff's cross motion which was, in effect, for leave to enter a default judgment against the City (*see Trapani v Imlug & Seven Corp.*, 140 AD2d 690 [1988]). Rivera, J.P., Lifson, Miller, Carni and Eng, JJ., concur.