In an action to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated July 20, 2009, as denied that branch of his motion which was pursuant to CPLR 3012 (d) to compel the defendant Aussino (USA), Inc., to accept service of his late reply to the counterclaim, and the defendant Aussino (USA), Inc., cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the cause of action seeking to recover the sum of $12,000 as damages for its alleged breach of an oral contract.
Ordered that the order is affirmed insofar as appealed from; and it is further,
Ordered that the order is reversed insofar as cross-appealed from, on the law, and that branch of the cross motion of the defendant Aussino (USA), Inc., which was for summary judgment dismissing the cause of action seeking to recover the sum of $12,000 as damages for an alleged breach of Em oral contract is granted; and it is further,
Ordered that one bill of costs is awarded to the defendant Aussino (USA), Inc.
The plaintiff failed to timely reply to the counterclaim asserted in the answer of the defendant Aussino (USA), Inc. (hereinEifter the defendant), and the defendant rejected the plaintiffs late reply. More than two years later, the plaintiff moved, inter alia, pursuant to CPLR 3012 (d) to compel the defendant to accept service of his late reply to the counterclaim. To compel the acceptance of an untimely pleading, a party must provide a rea *523 sonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353 [2005]). Here, the Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiffs motion which was to compel the defendant to accept service of his late reply to the counterclaim because the plaintiff failed to offer a reasonable excuse for his delay (see Holloman v City of New York, 52 AD3d 568, 569 [2008]; Miller v Ateres Shlomo, LLC, 49 AD3d 612, 613 [2008]).
However, the Supreme Court erred in denying that branch of the defendant’s cross motion which was for summary judgment dismissing the cause of action seeking to recover the sum of $12,000 as damages for the defendant’s alleged breach of an oral contract. In the complaint, the plaintiff alleged, among other things, in effect, that the defendant had refused to pay him the sum of $12,000 to reimburse him for a computer system that he had purchased. In support of its cross motion, the defendant submitted, inter alia, the complaint and excerpts from the plaintiffs examination before trial, which established, prima facie, that there was no agreement between the parties wherein the defendant agreed to reimburse the plaintiff for his purchase of the computer system. In opposition to the defendant’s prima facie showing, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Accordingly, that branch of the defendant’s cross motion which was for summary judgment dismissing the cause of action seeking to recover the sum of $12,000 as damages for the defendant’s alleged breach of an oral contract should have been granted.
In light of our determination, we need not reach the parties’ remaining contentions. Covello, J.E, Miller, Angiolillo and Leventhal, JJ., concur.