■ WELLS FARGO BANK, N.A., Appellant, v GERSHON KRAUSS et al., Defendants, and BAC HOME LOANS SERVICING, L.P., Formerly Known as COUNTRYWIDE HOME LOANS SERVICING, L.P., Respondent. [10 NYS3d 257]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 26, 2013, which denied its motion pursuant to CPLR 3215 for leave to enter judgment against the defendant BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., upon its failure to appear or answer the complaint, and granted that branch of that defendant's cross motion which was to vacate its default in appearing and answering the complaint.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3215 for leave to enter a judgment against the defendant BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P., upon that defendant's failure to appear or answer the complaint, is granted, and that branch of that defendant's cross motion which was to vacate its default in appearing and answering the complaint is denied.

The plaintiff moved pursuant to CPLR 3215 for leave to enter judgment against the defendant BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P. (hereinafter BAC), upon its failure to appear or answer the complaint. The plaintiff demonstrated its entitlement to relief by submitting proof of service of the summons and complaint, the facts constituting the claim, and BAC's default (*see* CPLR 3215 [f]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613-614 [2008]; *Levine v Forgotson's Cent. Auto & Elec., Inc.*, 41 AD3d 552 [2007]).

"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (*Fried v Jacob Holding, Inc.*, 110 AD3d at 60, citing *Wassertheil v Elburg, LLC*, 94 AD3d at 753). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (*Suede v Suede*, 124 AD3d 869, 871 [2015] [internal quotation marks omitted]; *see Oller v Liberty Lines Tr., Inc.*, 111 AD3d 903, 904 [2013]).

Here, BAC's proffered excuse, that its default in appearing and answering the complaint was due to a clerical error, was unsubstantiated, conclusory, and inadequately explained, and, therefore, did not constitute a reasonable excuse for the default (*see Ogunmoyin v 1515 Broadway Fee Owner, LLC*, 85 AD3d 991, 992 [2011]; *Westchester Med. Ctr. v Philadelphia Indem. Ins. Co.*, 69 AD3d 613, 614 [2010]; *Campbell-Jarvis v Alves*, 68 AD3d 701, 702 [2009]; *White v Daimler Chrysler Corp.*, 44 AD3d 651, 651 [2007]). Moreover, the record demonstrates that the alleged mistake was not an isolated error, but part of a pattern of "repeated neglect" (*Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *see Majestic Clothing Inc. v East Coast*

*Stor., LLC*, 18 AD3d 516, 518 [2005]). In that regard, BAC failed to present a reasonable excuse for its further delay, after being apprised of its default, in cross-moving to vacate its default. Although BAC was advised by the plaintiff that the plaintiff would not accept service of an untimely answer, BAC took no steps to vacate its default or compel the plaintiff to accept an untimely answer until more than five months later, after the plaintiff moved for leave to enter judgment against it (*see Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613 [2008]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]).

While the existence of a separate action relating to the same real property at issue in this action, commenced by BAC against the plaintiff four months after the commencement of this action, demonstrated a lack of intent by BAC to abandon its claims and defenses, BAC was not entitled to simply ignore the plaintiff's action and proceed with its own action instead. Since BAC failed to present a reasonable excuse for its persistent default in this action, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion and granting BAC's cross motion (*see Trepel v Greenman-Pedersen, Inc.*, 99 AD3d 789, 791 [2012]; *Tribeca Lending Corp. v Correa*, 92 AD3d 770, 771 [2012]; *Alterbaum v Shubert Org., Inc.*, 80 AD3d 635, 636 [2011]).

In view of the absence of a reasonable excuse, it is unnecessary to consider whether BAC sufficiently demonstrated the existence of a potentially meritorious defense to the action (*see Trepel v Greenman-Pedersen, Inc.*, 99 AD3d at 791; *Tribeca Lending Corp. v Correa*, 92 AD3d at 771; *Alterbaum v Shubert Org., Inc.*, 80 AD3d at 636). Skelos, J.P., Chambers, Maltese and Duffy, JJ., concur.