■ Lajuan Medas, Appellant, v Rochpark Realty, LLC, et al., Respondents. [55 NYS3d 406]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated July 9, 2015, which denied his motion for leave to enter a default judgment against the defendant Rochpark Realty, LLC, on the issue of liability, upon its failure to appear or answer, and to set the matter down for an inquest on the issue of damages, and granted that branch of the defendants' cross motion which was to compel him to accept a second amended answer on behalf of the defendant Rochpark Realty, LLC.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for leave to enter a default judgment against the defendant Rochpark Realty, LLC, on the issue of liability and to set the matter down for an inquest on the issue of damages is granted, that branch of the defendants' cross motion which was to compel the plaintiff to accept a second amended answer on behalf of the defendant Rochpark Realty, LLC, is denied, and the matter is remitted to the Supreme Court, Kings County, for an inquest on the issue of damages with respect to the defendant Rochpark Realty, LLC, after a determination of liability against the defendants Evita Realty Corp. and Fink Realty Corp.

On July 20, 2013, the plaintiff allegedly was injured when he slipped and fell on water from a leak in an apartment after the ceiling collapsed. On April 24, 2014, the plaintiff commenced this action to recover damages for personal injuries. The defendant Fink Realty Corp. (hereinafter Fink) appeared by serving an answer dated August 20, 2014, and the defendant Evita Realty Corp. (hereinafter Evita) appeared when Fink served an amended answer dated September 9, 2014, on behalf of both Fink and Evita. After the defendant Rochpark Realty, LLC (hereinafter Rochpark), failed to appear or answer, the plaintiff mailed a good faith letter dated November 20, 2014, to Rochpark at its address listed with the New York State Secretary of State.

By notice of motion dated May 5, 2015, the plaintiff moved for leave to enter a default judgment against Rochpark on the issue of liability and to set the matter down for an inquest on the issue of damages. Rochpark first appeared in this action when Evita and Fink served a second amended answer dated May 27, 2015, on behalf of all three defendants almost nine months after the date on which Rochpark was required to appear (see CPLR 320 [a]). The plaintiff promptly rejected the

second amended answer. By notice of cross motion dated June 30, 2015, the defendants cross-moved, inter alia, to compel the plaintiff to accept the second amended answer. The Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross motion which was to compel the plaintiff to accept the second amended answer.

On a motion for leave to enter a default judgment against a defendant for the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting its cause of action, and proof of the defendant's default (see CPLR 3215 [f]; *Triangle Props. #2, LLC v Narang*, 73 AD3d 1030, 1032 [2010]; *Mercury Cas. Co. v Surgical Ctr. at Milburn, LLC*, 65 AD3d 1102 [2009]; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]). Here, the plaintiff established that he was entitled to entry of a default judgment against Rochpark on the issue of liability. In support of his motion, the plaintiff submitted proof of service, his sworn affidavit of merit, which set forth enough facts to enable the Supreme Court to determine that the plaintiff alleged a viable cause of action, and his attorney's affirmation regarding Rochpark's default in appearing or answering (see *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Tarrytown Professional Ctr., Inc. v Family Medicine of Tarrytown & Ossining, LLP*, 93 AD3d 712, 713 [2012]; *Neuman v Zurich N. Am.*, 36 AD3d 601 [2007]).

In order to defeat the plaintiff's facially adequate motion for leave to enter a default judgment, Rochpark was required to demonstrate a reasonable excuse for its default and a potentially meritorious defense (see *Wells Fargo Bank, N.A. v Krauss*, 128 AD3d 813, 814 [2015]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]). The affidavit of a claims representative of Rochpark's insurance carrier indicated that Rochpark's attorney was contacted by the insurance carrier and retained by it to represent Rochpark after the plaintiff moved for leave to enter a default judgment against Rochpark, which did not establish a reasonable excuse for Rochpark's default (see *Spitzer v Landau*, 104 AD3d 936, 936-937 [2013]; *Miller v Ateres Shlomo, LLC*, 49 AD3d 612, 613 [2008]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]). Since Rochpark failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether it demonstrated the existence of a potentially meritorious defense (see *Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d 689 [2017]; *Bernstein v Geiss*, 111 AD3d 774, 775 [2013]; *Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]).

Accordingly, the Supreme Court improvidently exercised its

discretion in denying the plaintiff's motion for leave to enter a default judgment against Rochpark on the issue of liability and to set the matter down for an inquest on the issue of damages, and in granting that branch of the defendants' cross motion which was to compel the plaintiff to accept the second amended answer on Rochpark's behalf. We remit the matter to the Supreme Court, Kings County, for an inquest on the issue of damages with respect to Rochpark after a determination of liability against Evita and Fink. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.