Zovko v Quittner Realty, LLC (2018 NY Slip Op 04775)





Zovko v Quittner Realty, LLC


2018 NY Slip Op 04775


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11442
 (Index No. 14201/14)

[*1]Steven S. Zovko, et al., respondents, 
v
Quittner Realty, LLC, et al., defendants, Folor, Inc., appellant.


Harris Beach, PLLC, White Plains, NY (John J. Phelan of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Harper A. Smith of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Folor, Inc., appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered October 11, 2016. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered May 7, 2015, granting that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against that defendant on the issue of liability upon its failure to appear or answer the complaint.
ORDERED that the order entered October 11, 2016, is affirmed insofar as appealed from, with costs.
On August 21, 2014, the plaintiff Steven S. Zovko (hereinafter the plaintiff) allegedly was injured when he fell off a scaffold at a construction site in Queens. On September 25, 2014, the plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The defendant Folor, Inc. (hereinafter the defendant), was served with a summons and complaint on October 8, 2014. After the defendant failed to appear or answer the complaint, by letter dated November 20, 2014, the plaintiffs mailed additional copies of the summons and complaint to the defendant's office address in Yonkers. By letter to the defendant dated January 5, 2015, the third-party administrator of the defendant's insurer reserved the insurer's right to void the defendant's general liability insurance policy ab initio and reminded the defendant to immediately send copies of any summonses or legal papers received in connection with the claim or action.
In February 2015, the plaintiffs moved, inter alia, for leave to enter a default judgment against the defendant on the issue of liability and to schedule the matter for an inquest on the issue of damages. In an order entered May 7, 2015, the Supreme Court, inter alia, granted that branch of [*2]the plaintiffs' unopposed motion which was for leave to enter a default judgment against the defendant (hereinafter the default order). In a letter to the defendant dated October 14, 2015, the defendant's insurer denied coverage on the ground that the defendant first notified the insurer of this action on August 17, 2015, after the default order had been entered. On February 2, 2016, the defendant's attorney filed a notice of appearance in this action with the Queens County clerk. In March 2016, the defendant moved pursuant to CPLR 5015(a)(1) to vacate the default order. The court declined to accept the defendant's motion and the defendant, thereafter, served and filed a second notice of motion dated June 2, 2016, inter alia, pursuant to CPLR 5015(a)(1) to vacate the default order. In the order appealed from, the court, inter alia, denied that branch of the defendant's motion which was to vacate the default order. The defendant appeals.
A defendant seeking to vacate an order awarding a default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense (see CPLR 5015[a][1]; Skutelsky v JN Natural Fruit Corp., 138 AD3d 1099, 1100; Orwell Bldg. Corp. v Bessaha, 5 AD3d 573, 574; Quis v Bolden, 298 AD2d 375). The defendant failed to demonstrate a reasonable excuse for its default. The defendant's mistaken belief that its insurer would provide a defense and answer the summons and complaint on its behalf was unreasonable given its insurer's reservation of rights letter and request for a copy of any summons served upon the defendant, and the plaintiffs' motion for leave to enter a default judgment (see Medas v Rochpark Realty, LLC, 150 AD3d 1221, 1223; Spitzer v Landau, 104 AD3d 936, 936-937; Trepel v Greenman-Pedersen, Inc., 99 AD3d 789, 791; Jackson v Professional Transp. Corp., 81 AD3d 602, 603; Lemberger v Congregation Yetev Lev D'Satmar, Inc., 33 AD3d 671, 672). Furthermore, this alleged mistake was not an isolated error, but part of a pattern of "repeated neglect" (Roussodimou v Zafiriadis, 238 AD2d 568, 569; see Wells Fargo Bank, N.A. v Krauss, 128 AD3d 813, 814; Alterbaum v Shubert Org., Inc., 80 AD3d 635, 636; Majestic Clothing Inc. v East Coast Stor., LLC, 18 AD3d 516, 518). In this regard, the defendant was aware of the default order, but took no steps to vacate the default until five months after its insurer disclaimed coverage (see Wells Fargo Bank, N.A. v Krauss, 128 AD3d at 815; Miller v Ateres Shlomo, LLC, 49 AD3d 612, 613; Thompson v Steuben Realty Corp., 18 AD3d 864, 865; Robinson v 1068 Flatbush Realty, Inc., 10 AD3d 716, 716-717). Since the defendant failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether it demonstrated the existence of a potentially meritorious defense (see Medas v Rochpark Realty, LLC, 150 AD3d at 1223; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691; Bernstein v Geiss, 111 AD3d 774, 775).
Accordingly, that branch of the defendant's motion which was to vacate the default order was properly denied.
DILLON, J.P., CHAMBERS, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court