Lefcort v Samowitz (2018 NY Slip Op 06727)





Lefcort v Samowitz


2018 NY Slip Op 06727


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-03208
 (Index No. 603365/14)

[*1]Berton Lefcort, etc., et al., respondents, 
v
Mark Samowitz, et al., defendants, Expendables Plus, Inc., appellant.


Nat Cerniglia, Mineola, NY (Thomas Stanziale of counsel), for appellant.



DECISION & ORDER
In a shareholder derivative action, the defendant Expendables Plus, Inc., appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered March 13, 2017. The order, insofar as appealed from, granted the plaintiffs' motion for leave to enter a default judgment against the defendant Expendables Plus, Inc., upon its failure to timely answer the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In this shareholder derivative action, the plaintiffs sought certain equitable and monetary relief from the defendants based on, inter alia, alleged improper business practices by the defendants. Although the individual defendants, Mark Samowitz and Marie Samowitz, timely served separate answers to the complaint, the corporate defendant, Expendables Plus, Inc. (hereinafter Expendables), failed to answer. Approximately 10 months after the time for Expendables to answer the complaint had expired, the plaintiffs moved for leave to enter a default judgment against it. Expendables opposed the motion and asked that its default be excused and that it be permitted to serve a late answer. The Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against Expendables, and Expendables appeals.
"To successfully oppose a motion for leave to enter a default judgment based on the failure to appear or timely serve an answer, a defendant must demonstrate a reasonable excuse for its default and the existence of a potentially meritorious defense" (Cruz v Keter Residence, LLC, 115 AD3d 700, 700-701; see Seidler v Knopf, 153 AD3d 874, 875; Medas v Rochpark Realty, LLC, 150 AD3d 1221, 1223; Wassertheil v Elburg, LLC, 94 AD3d 753). The determination of whether a reasonable excuse has been established lies within the sound discretion of the trial court (see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d 689, 691). The court may accept a proffered excuse of law office failure "where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Servilus v Walcott, 148 AD3d 743, 744; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013). Conversely, where a claim of law office failure is conclusory and unsubstantiated or lacking in credibility, it should be rejected (see e.g. Ki Tae Kim v Bishop, 156 AD3d at 777; LaSalle Bank, N.A. v LoRusso, 155 AD3d 706, 707; OneWest Bank, FSB v Singer, 153 AD3d 714, 716; Agway, Inc., AAP New England v Chichester, 259 AD2d 880).
Here, in support of the proffered excuse of law office failure, the attorney for Expendables merely submitted an affirmation in which it was alleged that the corporate defendant had been "mistakenly omitted" from the answer served by one of the individual defendants. No factual detail or affidavit of personal knowledge was submitted explaining the drafting of the answer, the manner in which the purported omission occurred, or the failure to discover it until the plaintiffs moved for leave to enter a default judgment. Moreover, the answer served by the individual defendant bore no indicia that it was intended to serve as a joint answer for that defendant and Expendables. Accordingly, the Supreme Court providently exercised its discretion in determining that the conclusory and unsubstantiated assertion of counsel failed to constitute a reasonable excuse for the default of Expendables in answering the complaint, and in granting the plaintiffs' motion for leave to enter a default judgment against that defendant (see e.g. Ki Tae Kim v Bishop, 156 AD3d at 777; LaSalle Bank, N.A. v LoRusso, 155 AD3d at 707; OneWest Bank, FSB v Singer, 153 AD3d at 716; Servilus v Walcott, 148 AD3d at 744).
Since Expendables failed to demonstrate a reasonable excuse for its default, we need not reach the issue of whether it demonstrated the existence of a potentially meritorious defense (see Seidler v Knopf, 153 AD3d at 876; Medas v Rochpark Realty, LLC, 150 AD3d at 1223; Jing Shan Chen v R & K 51 Realty, Inc., 148 AD3d at 691).
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court