Shy v Shavin Corp. (2019 NY Slip Op 06011)





Shy v Shavin Corp.


2019 NY Slip Op 06011


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-09713
 (Index No. 606412/17)

[*1]Peggy Shy, appellant,
v
Shavin Corp., respondent.


Janus Law, P.C. (The Altman Law Firm PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Haworth Barber & Gerstman, LLC, New York, NY (Barry Gerstman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered July 18, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered December 19, 2017, which granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendant on the issue of liability upon the defendant's failure to appear or answer the complaint and to set the matter down for an inquest on the issue of damages.
ORDERED that the order entered July 18, 2018, is reversed, on the law and in the exercise of discretion, with costs, and that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order entered December 19, 2017, is denied.
The plaintiff commenced this action to recover damages for personal injuries. In July 2017, the plaintiff served the defendant with process via the Secretary of State. Thereafter, the plaintiff mailed a copy of the summons and complaint to the defendant's last known address. In October 2017, the plaintiff moved for leave to enter a default judgment against the defendant on the issue of liability upon its failure to appear or answer the complaint and to set the matter down for an inquest on the issue of damages. In an order entered December 19, 2017, the Supreme Court granted the plaintiff's unopposed motion. In May 2018, the defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order entered December 19, 2017. In an order entered July 18, 2018, the court granted that branch of the defendant's motion which was to vacate the order entered December 19, 2017. The plaintiff appeals.
A defendant seeking to vacate a default in appearing or answering a complaint under CPLR 5015(a)(1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a potentially meritorious defense to the action (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Hamilton Pub. Relations v Scientivity, LLC, 129 AD3d 1025; New York & Presbyt. Hosp. v American Home Assur. Co., 28 AD3d 442).
Here, the Supreme Court determined that the defendant established a reasonable excuse for its default based upon its insurance carrier's delay before defending the action. However, in support of its motion, the defendant failed to submit admissible evidence to demonstrate that it notified its insurance carrier of the existence of this action prior to its default. In support of its motion, the defendant submitted an affidavit from a litigation consultant employed by the insurance carrier. The litigation consultant's assertion that the insurance agent/broker for the defendant attempted to forward a copy of the summons and complaint to the insurance carrier in October 2017 was based upon inadmissible hearsay (see Alto v Firebaugh Realty Corp., N.V., 33 AD3d 738, 739). Thus, the defendant failed to demonstrate that its default was attributable to insurance carrier delay (see generally Gershman v Ahmad, 131 AD3d 1104, 1106). In addition, the evidence demonstrating that, following the order granting the plaintiff's motion for leave to enter a default judgment, the insurance carrier delayed in assigning counsel to move on the defendant's behalf to vacate the default, does not establish a reasonable excuse for the default (see Medas v Rochpark Realty, LLC, 150 AD3d 1221, 1223; Miller v Ateres Shlomo, LLC, 49 AD3d 612, 613; Kaplinsky v Mazor, 307 AD2d 916). Since the defendant failed to demonstrate a reasonable excuse for its default, we need not address whether it established the existence of a potentially meritorious defense (see Golden Mtn. Income, LLC v Spencer Gifts, LLC, 167 AD3d 850, 851; Hegarty v Ballee, 18 AD3d 706, 707). Accordingly, the court improvidently exercised its discretion in granting the defendant's motion to vacate its default.
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court