Neely v Felicetti (2019 NY Slip Op 08282)





Neely v Felicetti


2019 NY Slip Op 08282


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10351N 29170/17

[*1] Nakia Neely, Plaintiff-Respondent,
v
Scott A. Felicetti, et al., Defendants-Appellants.


Law Office of Jason Tenenbaum, P.C., Garden City (Jason Tenenbaum of counsel), for appellants.
Jones, Wolf & Kapasi, LLC, New York (Benjamin J. Wolf of counsel), and Jaffe & Velazquez, LLP, New York (R. Diego Velazquez of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about January 24, 2019, which, in this action alleging, inter alia, legal malpractice, denied defendants' motion to vacate the default judgment entered against them, unanimously affirmed, with costs.
Defendants' motion to vacate the default judgment entered against them was properly denied. Defendants' explanation that their October 20, 2017 email forwarding plaintiff's summons and complaint to their counsel was not received may explain their failure to timely answer (see Matter of Rivera v New York City Dept. of Sanitation, 142 AD3d 463, 464 [1st Dept 2016]). However, defendants failed to explain their continued failure to answer the complaint, or why they did not submit opposition to plaintiff's motion for a default judgment despite their acknowledgment that they received it. Nor did they seek vacatur of the default judgment until more than nine months after it was entered (see Hertz Vehs. LLC v Westchester Radiology & Imaging, PC, 161 AD3d 550 [1st Dept 2018]). Defendants' claim that the parties were engaged in settlement negotiations is not a reasonable excuse for their default (see Flora Co. v Ingilis, 233 AD2d 418, 419 [2d Dept 1996]).
In view of the foregoing, this Court need not consider whether defendants demonstrated a potentially meritorious defense to the action (see Colony Ins. Co. v Danica Group, LLC, 115 AD3d 453, 454 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK