Mind & Body Acupuncture, P.C., as Assignee of Patrick Bernard, Appellant,
against
GEICO General Ins. Co., Respondent.




Kopelevich & Feldsherova, P.C. (David Landfair, Esq.), for appellant.
Law Office of Printz & Goldstein (Lawrence J. Chanice, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered October 15, 2015. The order granted defendant's motion to vacate a default judgment of the same court entered on December 5, 2014 upon defendant's purported failure to appear or answer the complaint.




ORDERED that the order is affirmed, with $25 costs.
Plaintiff commenced this action on June 27, 2014 to recover assigned first-party no-fault benefits. Defendant was served with the complaint on July 10, 2014, and plaintiff filed proof of service of the complaint on August 14, 2014. Plaintiff subsequently applied to the clerk for a default judgment, pursuant to CPLR 3215 (a), and a default judgment was entered on December 5, 2014.
On January 14, 2015, defendant moved to vacate the default judgment. In a supporting affirmation, defense counsel asserted that his firm had served an answer on plaintiff's attorney on August 5, 2014 and that it had filed the answer with the court on August 15, 2014. Defense counsel annexed a copy of the answer with a date stamp from the court, indicating that the answer had been timely filed with the clerk of the court on August 15, 2014. In addition, counsel referred to the annexed affidavit of service of the answer as well as an affidavit of the firm's mail clerk, both indicating that, on August 5, 2014, the mail clerk had mailed the answer in accordance with the firm's mailing practices and procedures. Plaintiff's counsel, in opposition to the motion, stated that the answer had not been received by his office. By order entered October 15, 2015, the Civil Court granted defendant's motion.
A defendant seeking to vacate a default in answering or appearing based on excusable default must demonstrate both a reasonable excuse for the default and the existence of a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant [*2]factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]).
We need not decide whether defendant's showing of its law firm's mailing practices and procedures was sufficient to demonstrate, prima facie, that it had timely served its answer upon plaintiff, since even if it wasn't a sufficient showing, defendant's belief that it had mailed the answer in accordance with its law firm's standard mailing procedures was sufficient to constitute a reasonable excuse for its default, if any. Moreover, defendant demonstrated the existence of a potentially meritorious defense to the action. In light of the foregoing, and considering the public policy favoring resolution of cases on the merits, defendant's lack of willfulness, and the absence of a showing of prejudice, the Civil Court did not improvidently exercise its discretion in granting defendant's motion to vacate the default judgment.
Accordingly, the order is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 03, 2017